No. 2--06--0913        Filed:  9-30-08

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Winnebago County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 04--CF--3253 |
| DELANEO D. LOVE, | ) ) | Honorable Joseph G. McGraw, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE HUTCHINSON delivered the opinion of the court:

Defendant, Delaneo D. Love, appeals from an order of the circuit court of Winnebago County denying his motion to withdraw his negotiated plea of guilty to a single count of aggravated discharge of a firearm (720 ILCS 5/24--1.2(a)(2) (West 2004)). Defendant previously appealed from an order denying a motion to reconsider his sentence for that offense. Because defendant's attorney had failed to file a certificate of compliance with Supreme Court Rule 604(d) (210 Ill. 2d R. 604(d)), we reversed the trial court's order and remanded the matter for proceedings in compliance with Rule 604(d). People v. Love, No. 2--05--0652 (2006) (unpublished order under Supreme Court Rule 23). We stated that, "[o]n remand, defendant shall be allowed to file a postjudgment motion and to have a new hearing on his motion." Love, slip op. at 2. A different attorney represented defendant on remand. She moved to withdraw defendant's guilty plea, and she filed a certificate that conformed to the technical requirements of Rule 604(d). However, in view of remarks defendant's attorney

made during the proceedings on remand, we are not satisfied that she actually fulfilled her substantive obligations under the rule. Accordingly, we must again reverse the trial court's order and remand for proceedings in compliance with Rule 604(d).

Rule 604(d) governs appeals from convictions entered on guilty pleas. Before pursuing an appeal, the defendant must file an appropriate postplea motion. Moreover, the attorney representing the defendant in connection with the motion must file with the trial court a certificate stating that he or she "has consulted with the defendant either by mail or in person to ascertain defendant's contentions of error in the sentence or the entry of the plea of guilty, has examined the trial court file and report of proceedings of the plea of guilty, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." 210 Ill. 2d R. 604(d). Defense counsel must strictly comply with Rule 604(d)'s certificate requirement, and, when counsel fails to do so, the case must be remanded to the trial court for proceedings in compliance with the rule. People v. Janes, 158 Ill. 2d 27, 35 (1994).

Defense counsel filed her Rule 604(d) certificate on September 7, 2006. In accordance with the rule, she certified that she had examined the report of proceedings of the guilty plea. The next day, she appeared in court and indicated that she believed that defendant was required to move to withdraw his guilty plea, adding, "I have prepared a motion to file today; however, I think I need to review the transcript of the plea itself in order to proceed." (Emphasis added.) Considered in isolation, this remark might not mean that defense counsel had failed to examine the transcript; it might mean simply that she felt she needed additional time to study it before arguing defendant's motion. Viewing the remark in its larger context, however, leaves the distinct impression that defense counsel had not, in fact, examined the transcript.

Notably, in response to defense counsel's remark, the prosecutor inquired whether she would be ready to proceed in a week. The prosecutor noted that, because of the prior appeal, the report of proceedings of the guilty plea was already available. Clearly, the prosecutor was under the impression that defense counsel had not yet obtained the transcript but could do so promptly. If defense counsel had in fact obtained the transcript, we would expect her to have informed the trial court of the prosecutor's mistaken impression. Instead, she merely indicated that she could be prepared in a week. Moreover, the trial court asked that either defense counsel or the prosecutor supply the court with a courtesy copy. Defense counsel did not offer to provide one. Instead, it was the prosecutor who offered to do so. The prosecutor also indicated he would provide a courtesy copy to defense counsel. She thanked him and made no indication that she had already obtained a copy.

None of this is conclusive proof that counsel had filed her Rule 604(d) certificate without first examining the report of proceedings of defendant's guilty plea. It is enough, however, to shake our confidence as to defense counsel's compliance with the substantive requirements of the rule. "The purpose of th[e] certificate requirement is to ensure 'counsel has reviewed the defendant's claim and considered all relevant bases for the motion to withdraw the guilty plea or to reconsider the sentence.' " People v. Petty, 366 Ill. App. 3d 1170, 1176 (2006), quoting People v. Shirley, 181 Ill. 2d 359, 361 (1998). Consideration of "the relevant bases for a motion to withdraw" must entail examination of the report of the proceedings at which the plea was entered. Here, defense counsel may very well have filed the certificate expecting and intending to read the transcript of the guilty plea proceedings before the hearing on the motion. However, the certificate requirement is designed to supply proof of actual compliance with the rule, not merely of the intent to comply. Thus, we

conclude that a Rule 604(d) certificate filed merely in anticipation of compliance with the rule's substantive requirements is unacceptable.

Seemingly conceding that defense counsel filed her certificate before examining the report of proceedings of the plea, the State insists that defense counsel acted responsibly by requesting additional time to review the transcript. According to the State, defense counsel's request shows "diligent attempts to comply with Rule 604(d) and should be interpreted *** as satisfying the requirements and purpose of Rule 604(d)." We fail to see how defense counsel's request for additional time to prepare for the hearing excuses her failure to comply with the certificate requirement.

The question that remains is what relief defendant should receive, if any. Citing our supreme court's decision in Shirley, the State insists that defendant is entitled to no relief. In Shirley, our supreme court rejected the proposition that the requirement of strict compliance with Rule 604(d) "must be applied so mechanically as to require Illinois courts to grant multiple remands and new hearings following the initial remand hearing." Shirley, 181 Ill. 2d at 369. In Shirley, as in this case, the defendant's attorney originally filed no Rule 604(d) certificate, and the case was remanded for compliance with the rule. On remand, the defendant's attorney filed a Rule 604(d) certificate, but then withdrew as counsel. The defendant's new attorney filed a new Rule 604(d) motion and, four days after the hearing on the motion, she filed a Rule 604(d) certificate of her own.

On appeal from the denial of the motion, the defendant argued that the Rule 604(d) certificate was untimely and that a second remand was therefore necessary. Rejecting the argument, the Shirley court stated, "Where, as here, the defendant was afforded a full and fair second opportunity to present

a [Rule 604(d)] motion ***, we see limited value in requiring a repeat of the exercise, absent a good reason to do so." Shirley, 181 Ill. 2d at 369. The court explained:

"There is nothing in the record, or in the two motions to reduce sentences, or in the two Rule 604(d) certificates filed by two different attorneys, which indicates any reason why this court should remand the cause for a third hearing on defendant's claim that his sentences were excessive. In light of all these circumstances, requiring another remand and hearing on the motion to reduce sentences would be an empty and wasteful formality." Shirley, 181 Ill. 2d at 370.

That reasoning does not apply here. In Shirley, there was no claim that either of the Rule 604(d) certificates filed on remand was defective. Here, in contrast, the record impeaches defense counsel's certificate with respect to one of her basic duties under Rule 604(d)--the duty to examine the report of proceedings of the guilty plea. Being unable to rely on the Rule 604(d) certificate under the unusual circumstances of this case, we cannot comfortably say that defendant had a fair opportunity on remand to challenge his guilty plea. Thus, we do not believe that a second remand would be an empty and wasteful formality.

In summary, we hold that a Rule 604(d) certificate filed before counsel has actually complied with the substantive requirements of Rule 604(d) is ineffective. Where, as here, the record impeaches the Rule 604(d) certificate, a remand for further proceedings is necessary. Moreover, where compliance with the substantive requirements of Rule 604(d) is doubtful, so is the fairness of the proceedings. Accordingly, multiple remands are appropriate.

For the foregoing reasons, we reverse the denial of defendant's motion to withdraw his guilty plea, and we remand the matter for defendant's attorney to file a new motion under Rule 604(d) and otherwise to comply fully with the requirements of that rule.

Reversed and remanded.

BOWMAN and SCHOSTOK, JJ., concur.