2020 IL App (1st) 180613-U

No. 1-18-0613

Order filed November 13, 2020

Fifth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 13 CR 6375 |
| | ) | |
| MARCOS CERVANTES, | ) | Honorable |
| | ) | Thomas V. Gainer Jr., |
| Defendant-Appellee. | ) | Judge, presiding. |

JUSTICE ROCHFORD delivered the judgment of the court.
Presiding Justice Delort and Justice Hoffman concurred in the judgment.

**ORDER**

¶ 1    *Held*:  We affirm the trial court's denial of defendant's motion to withdraw his guilty plea over his contention that postplea counsel failed to strictly comply with Illinois Supreme Court Rule 604(d) (eff. July 1, 2017).

¶ 2    Defendant Marcos Cervantes appeals from the trial court's denial of his motion to withdraw his guilty plea. On appeal, he contends that the case should be remanded for compliance with Illinois Supreme Court Rule 604(d) (eff. July 1, 2017), when although postplea counsel filed a

"facially valid" Rule 604(d) certificate, the record shows that she did not consider all of the bases for defendant's motion. We affirm.

¶ 3      Following his February 23, 2013 arrest, defendant was charged with armed robbery, home invasion, aggravated vehicular hijacking, aggravated kidnaping, aggravated criminal sexual assault, and aggravated criminal sexual abuse. Defendant was 16 years old at the time of his arrest.

¶ 4      Defendant's answer to discovery stated that the defense would rely on the State's inability to prove his guilt beyond a reasonable doubt and the defense of consent. Defendant then filed a motion to suppress statements, which was denied after a hearing. Defendant also filed a motion seeking a transfer to juvenile court, which was denied.

¶ 5      At a proceeding on July 13, 2017, defendant told the court that he and plea counsel no longer saw "eye to eye" and he no longer felt "comfortable" with her as his attorney. He further stated that he had "been here five years" and counsel was not making progress on the case. The trial court told defendant to write out his problems and bring the paper to the next court date.

¶ 6      On July 21, 2017, plea counsel told the court that "after extensive discussions" the parties were close to an agreement, but defendant wanted to speak to his mother before entering a plea.

¶ 7       On August 2, 2017, defendant entered a plea of guilty to aggravated criminal sexual assault (720 ILCS 5/11-1.30(a)(4) (West 2012)) and was sentenced to 23 years in prison.

¶ 8      As the factual basis for the plea, the State explained that on February 24, 2013, defendant entered the backyard of D.P.'s home in Chicago and forced his way into the home by threatening her with a firearm. D.P. did not know defendant, who then forced D.P. to perform oral sex, vaginally penetrated D.P., and ejaculated on her stomach. Defendant wiped himself and D.P. with her sweater, took items from her home including her cellular phone, forced D.P. into her vehicle,

and then drove away with her inside. Defendant ultimately released D.P. but kept the vehicle. When police found defendant in D.P.'s vehicle, the cellular phone and sweater were inside. Tests upon the sweater revealed that semen found on the sweater matched defendant's DNA. Plea counsel stipulated to the factual basis.

¶ 9    The trial court accepted the factual basis and entered a guilty finding. The State presented D.P.'s victim impact statement which stated she lived "in hell for the past four years waiting for justice," suffered from Post-Traumatic Stress Disorder, and believed defendant was a "wild animal" who should "be locked up in a cage." The trial court then sentenced defendant and admonished him of his appeal rights.

¶ 10    Defendant asked whether he had to file a motion to withdraw his guilty plea at a "specific time" or "just like *** whenever," and the court stated that he had 30 days. Defendant then asked whether he could appeal to determine whether "this juvenile thing" was retroactive. The trial court reiterated that before defendant could appeal, he had to file a motion to withdraw the guilty plea. Defendant replied that the court would not grant a motion. The trial court asked whether defendant understood his appeal rights. Defendant stated that "within 30 days from now" he had to write a motion explaining "why I feel like I feel," and asked for an example and where to mail the motion. The court told defendant to write that he wanted to withdraw his guilty plea and why he thought he was entitled to do so, to mail the motion to the courthouse, and that he would be appointed an attorney. Defendant then stated:

> "This does *** give me time to, you know, [converse] more with my mother, you know
> what I am saying? Then I get to see what the joint life is. You know what I mean? If I ain't
> feeling it, then you might be getting a letter from me. Hey, yo, ***, man, send me back."

¶ 11    Plea counsel reminded defendant that if his plea were withdrawn, all the other charges would be reinstated. Defendant asked the court whether plea counsel would be appointed if he sought to withdraw his plea, as she was "an excellent lawyer" and he "might need her back." When the court and plea counsel said they did not know, defendant stated, "She going to dodge that as soon as she hear I put a motion. She's going to be like hell, [no]."

¶ 12    On August 31, 2017, defendant filed a *pro se* letter seeking to withdraw his plea because he was drunk on "moonshine" and high on prescription drugs that were not prescribed to him at the time of the plea. The letter also alleged that plea counsel did not have his "best interest in mind" because she failed to subpoena D.P.'s phone records when he asked her to do so and told him "many times" that " 'we do not have a defense.' " On September 7, 2017, defendant filed a *pro se* motion for extension of time because he was recently transferred to another prison and could not visit the law library. He signed and attached a form titled "petition to withdraw guilty plea and vacate sentence," which did not list any reasons for withdrawing his plea.

¶ 13    The trial court appointed new counsel (postplea counsel) for defendant. On March 1, 2018, postplea counsel filed a certificate pursuant to Rule 604(d) stating that she consulted with defendant in person and by mail to ascertain his contentions of error in the entry of his plea and sentence, reviewed the trial court file and report of proceedings from the guilty plea and sentencing hearings, and found no amendments to the *pro se* motion were necessary for an adequate presentation of any defects in the proceedings.

¶ 14    Also on March 1, 2018, the trial court held a hearing on defendant's letter, which the court noted postplea counsel described as a motion. First, the court swore defendant to the facts of the

letter. Postplea counsel told the court that the defense stood on defendant's *pro se* allegations. The State then presented plea counsel.

¶ 15    Plea counsel testified that she represented defendant between October 2013 and August 2017. She did not subpoena D.P.'s phone records because she had "no reason to believe" anything helpful to the defense would have been obtained and that decision was trial strategy. Plea counsel did not tell defendant that " 'We have no defense.' " However, she advised him that, in her opinion and the opinion of other attorneys who reviewed the case, they had a "weak defense" in that there were no witnesses or other evidence to present in defense. Plea counsel and defendant's prior attorney investigated possible witnesses, defenses, and other information that could assist the defense. Prior to the entry of defendant's guilty plea, a conference was held pursuant to Illinois Supreme Court Rule 402 (eff. July 1, 2012), and plea counsel spoke to defendant "numerous times" about the guilty plea process both at the courthouse and the jail. On the day of the plea, she spoke to defendant about the plea for approximately 45 minutes in a small private conference room. She observed no indications that defendant was under the influence of alcohol or drugs at that time. Defendant did not raise any of the issues mentioned in his letter, which she reviewed. The trial court denied defendant's motion for leave to withdraw the guilty plea.

¶ 16    On appeal, defendant contends that although postplea counsel filed a facially valid Rule 604(d) certificate, the record shows that counsel did not, in fact, consider all the bases for the motion to withdraw the plea because she failed to review D.P.'s phone records. He argues that the cause should be remanded for strict compliance with the rule.

¶ 17    Whether counsel's certificate complied with the requirements of Rule 604(d) presents a question of law that we review *de novo*. *People v. Easton*, 2018 IL 122187, ¶ 25. Rule 604(d) lists

the procedures to be followed when, after pleading guilty, a defendant files either a motion to reconsider the sentence or a motion to withdraw the plea. *People v. Grice*, 371 Ill. App. 3d 813, 815 (2007). In relevant part, the rule provides:

> "The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by phone, mail, electronic means or in person to ascertain defendant's contentions of error in the sentence and the entry of the plea of guilty, has examined the trial court file and both the report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." Ill. S. Ct. R. 604(d) (eff. July 1, 2017).

¶ 18 Our supreme court has held that "the certificate filed by counsel must strictly comply with the requirements of Rule 604(d)." *Easton*, 2018 IL 122187, ¶ 26. The court further stated that "[i]f the certificate fails to meet this standard, a reviewing court must remand the case to the trial court for proceedings that strictly comply with Rule 604(d)." *Id*.

¶ 19 The certificate requirement in Rule 604(d) ensures that counsel has reviewed the defendant's claims and considered all of the relevant bases for a motion to withdraw the guilty plea or reconsider the sentence. *People v. Tousignant*, 2014 IL 115329, ¶ 16. "The certificate itself is all this court will consider to determine compliance with Rule 604(d). *People v. Neal*, 403 Ill. App. 3d 757, 760 (2010). That being said, "we may consider the record where it undermines the certificate filed." *Id.*; see also *People v. Herrera*, 2012 IL App (2d) 110009, ¶ 13 ("Unless the record undermines the certificate, *** the only thing we consider in determining compliance with Rule 604(d) is the certificate itself.").

¶ 20    In the case at bar, the parties correctly agree that postplea counsel's Rule 604(d) certificate was facially valid. Here, counsel's Rule 604(d) certificate states that she consulted with defendant in person and by mail to ascertain his contentions of error in the entry of his plea and sentence, reviewed the trial court file and report of proceedings from the guilty plea and sentencing hearings, and found no amendments to the *pro se* motion were necessary for an adequate presentation of any defects in the proceedings. As such, the certificate was facially valid. See Ill. S. Ct. R. 604(d) (eff. July 1, 2017); *Easton*, 2018 IL 122187, ¶ 26.

¶ 21    Defendant contends, however, that the record "casts considerable doubt" upon postplea counsel's compliance with the rule despite the filing of a facially valid certificate. He argues that postplea counsel's failure to obtain and review D.P.'s phone records means that she could not have reviewed all relevant bases for his motion to withdraw the guilty plea. He further argues that postplea counsel failed to provide any supporting evidence or argument in support of his claim at the hearing on the motion. We disagree.

¶ 22    Here, the record reveals that the parties stipulated that D.P. did not know defendant on the date of the offense, and although defendant's *pro se* letter stated that plea counsel did not subpoena D.P.'s phone records when he told counsel to do so, defendant did not explain the importance of the phone records or include any facts in support of this issue. The record also rebuts defendant's claim, as plea counsel testified defendant never mentioned any of the issues raised in his *pro se* letter; that is, he never asked her to subpoena D.P.'s phone records and she saw no tactical importance in those records. Most importantly, however, postplea counsel consulted with defendant in person and by mail to ascertain his claims, and after such consultation, did not either obtain the phone records or amend his *pro se* letter. Under these circumstances, defendant cannot

show that postplea counsel's decision to not obtain D.P.'s phone records, standing alone, undermines the validity of postplea counsel's Rule 604(d) certificate.

¶ 23    We are unpersuaded by defendant's reliance on *People v. Love*, 385 Ill. App. 3d 736 (2008). In that case, defense counsel filed a Rule 604(d) certificate that complied with the requirements of the rule. However, the following day, counsel stated, in pertinent part, " 'I have prepared a motion to file today; *however, I think I need to review the transcript of the plea itself in order to proceed.*' " (Emphasis in original.) *Id.* at 737. The State then asked whether counsel would be ready to proceed the following week and noted that the report of proceedings from the guilty plea hearing was readily available. *Id*. The record also revealed that the State offered courtesy copies to the trial court and counsel. *Id.* The circuit court ultimately denied the defendant's motion to withdraw the guilty plea.

¶ 24    On appeal, the court concluded, after reviewing the record, that counsel's statement left the distinct impression that she had not examined the transcript from the defendant's guilty plea hearing. *Id*. Although this court acknowledged there was no "conclusive proof" that counsel had filed her Rule 604(d) certificate without first examining the report of proceedings from the hearing, counsel's remark was enough to "shake" the court's confidence as to her "compliance with the substantive requirements of the rule." *Id.* at 738. The court further noted that the purpose of the certification requirement was to show actual compliance with the rule, rather than merely the "intent to comply." *Id.* The court therefore found that "a Rule 604(d) certificate filed before counsel has actually complied with the substantive requirements of Rule 604(d) is ineffective," and "[w]here, as here, the record impeaches the Rule 604(d) certificate, a remand for further proceedings is necessary." *Id.* at 739.

¶ 25    In the case at bar, unlike *Love*, the record does not impeach postplea counsel's certification that she fulfilled her duties under Rule 604(d). Under the circumstances, we cannot agree with defendant's conclusion that postplea counsel's decision not to obtain D.P.'s phone records, made following her consultation with him and her review of the trial court file and report of proceedings from the guilty plea and sentencing hearings, demonstrated noncompliance with Rule 604(d).

¶ 26    For the reasons listed above, we affirm the judgment of the circuit court of Cook County.

¶ 27    Affirmed.