2021 IL App (2d) 191046
No. 2-19-1046
Opinion filed December 20, 2021

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Du Page County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 17-CF-1931 |
| ANDERSON ALARCON-TRUJILLO, | ) ) ) | Honorable Brian F. Telander, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE HUTCHINSON delivered the judgment of the court, with opinion.
Justices Hudson and Birkett concurred in the judgment and opinion.

**OPINION**

¶ 1    Defendant, Anderson Alarcon-Trujillo, appeals the trial court's order denying his motion to reconsider his sentence. Defendant contends that this cause must be remanded (for a second time) for compliance with Illinois Supreme Court Rule 604(d) (eff. July 1, 2017) or, alternatively, that his sentence was an abuse of discretion. We affirm.

¶ 2                                  I. BACKGROUND

¶ 3    Defendant was charged with four counts of criminal sexual assault (720 ILCS 5/11-1.20(a)(3) (West 2016)). Each count alleged that defendant put his finger in the sex organ of C.G., who was under age 18 at the time.

¶ 4    On December 1, 2017, defendant pleaded guilty to counts I and II. The State agreed to nol-pros counts III and IV, but there was no agreement on a sentence. The factual basis established that C.G. was born in December 1999 and that defendant, her stepfather, put his finger in her vagina on numerous occasions between July 1, 2014, and December 17, 2015. Investigator Carmen Easton would testify that defendant admitted to the offenses.

¶ 5    At the January 19, 2018, sentencing hearing, the State played a video of C.G.'s interview with Easton about defendant's abuse. C.G. stated that defendant placed his finger in her vagina, rubbed her breasts, put his penis in her anus once, and tried to put his penis in her mouth. Easton testified that defendant admitted to penetrating C.G.'s anus with his penis, touching her breasts numerous times, sucking on her breasts, penetrating her vagina with his finger, and placing her hand on his penis.

¶ 6    The State, without objection, presented a victim impact statement from C.G.'s mother, who stated that defendant had "emotionally assaulted" the entire family. She also stated that sexual abuse leaves long-term psychological wounds that can last a lifetime. In allocution, defendant expressed remorse and stated that he just wanted to serve his sentence.

¶ 7    Before imposing sentence, the trial court noted that it "had a chance to consider all the factors in aggravation and mitigation." It had "gone through the statutory factors, each and every one." In reviewing the pertinent sentencing factors, the court said: "In aggravation, *** clearly the case did involve serious harm to the victim, psychological or physical, but certainly serious psychological harm, probably harm that will stay with the young lady for the rest of her life."

¶ 8    The court sentenced defendant to eight years in prison on each count, to be served consecutively. Defendant would have to serve at least 85% of each.

¶ 9     On January 23, 2018, defendant filed a motion to reduce his sentence. He argued that the court erred by (1) considering the victim impact statement, since it was not from the victim herself, and (2) relying on a factor, the psychological harm to the victim, that was inherent in the offense.

¶ 10    At the hearing the same day, the court noted that it had reweighed the sentencing factors without "considering in any way the statutory aggravating factor of causing harm or threatening serious harm, either psychological or other." The court, "in fairness and after considering all of the factors again," vacated the original sentence. The court resentenced defendant to 7½ years on each count for an aggregate sentence of 15 years.

¶ 11    On February 16, 2018, defendant again moved to reconsider his sentence, contending that the court's recognition that it had considered an improper factor should have resulted in a greater reduction of the sentence. On February 22, 2018, the trial court denied the motion. The next day, defendant filed his notice of appeal.

¶ 12    On September 20, 2019, we entered an order vacating the denial of the February 16, 2018, motion because counsel had not filed a certificate pursuant to Rule 604(d). We remanded for (1) the filing of a valid Rule 604(d) certificate; (2) the opportunity to file a new motion to withdraw the guilty plea and/or reconsider the sentence, if counsel determined that a new motion was necessary; and (3) a new motion hearing.

¶ 13    On October 4, 2019, the trial court held its first status hearing on remand. Defendant was not present. Defense counsel informed the trial court that he had written to defendant and told him that "if there was anything that he wanted to add to the reasons that I previously offered for reduction of sentence, he should forward that to me." Counsel noted that he had no new arguments to put forward unless defendant requested an additional issue. The court continued the matter so that counsel could consult with defendant.

¶ 14     On November 20, 2019, defense counsel asserted that he had "consulted with [defendant] by mail," asking defendant "to let me know if there are any matters he wished me to advance in connection with this matter." Counsel stated that he would stand on the original motion to reconsider the sentence, as he had no "new or additional grounds to advance." Counsel noted that all he was adding to his argument to reduce the sentence were some points requested by defendant—namely, that defendant continued to be remorseful, that he wanted to pursue the occupation of chef, and that he wished to participate in programs in prison but that the 85% requirement made some programs unavailable. Counsel offered to prepare a Rule 604(d) certificate, despite claiming to have case law holding that one was not required under the circumstances. Counsel again assured the court that he had "consulted with [defendant] and *** reviewed proceedings and so forth." The State objected to any further sentence reduction. The trial court declined to grant a further reduction.

¶ 15     Two days later, counsel filed a Rule 604(d) certificate. Counsel began by recounting the history of the case:

> "2. The defendant entered a blind plea of guilty in this case on January 9, 2018,[1] was sentenced on January 19, 2018[,] and was granted partial relief on a motion to reduce sentence on January 23, 2018. His motion to reconsider and further reduce the sentence was denied on February 22, 2018. Because he had not filed a motion to withdraw his plea and [he] wished to appeal only the denial of his motion for further sentence reduction, defense counsel filed a notice of appeal on February 23, 2018[,] without having filed a Rule 604(d) certificate in connection with the motion to reconsider ***.

---

[1] The actual date of the plea was December 1, 2017.

3. The State Appellate Defender subsequently filed an unopposed motion for summary remand for a new hearing on a motion to reduce sentence, to be accompanied by a valid Rule 604(d) certificate.

4. I hereby certify that I have, prior to the November 20, 2019, hearing on matters subject to the instant remand, consulted with the defendant by mail and in person to ascertain the defendant's contentions of error in the February 22, 2018[,] denial of his motion for further sentence reduction; that I have examined the court file and report of proceedings of the plea of guilty, the initial sentencing hearing and all subsequent sentencing proceedings; and I have made any amendments to the motion that was denied on February 22, 2018[,] necessary for adequate presentation of any defects in those proceedings."

¶ 16    Defendant timely appeals.

¶ 17                                    II. ANALYSIS

¶ 18    Defendant first contends that we must again remand this matter because defense counsel's certificate upon remand did not comply with Rule 604(d). Specifically, defendant maintains that the certificate did not state that counsel consulted with defendant about his contentions of error in the plea proceedings. The State, citing *People v. Peltz*, 2019 IL App (2d) 170465, responds that, because defendant did not wish to withdraw his plea, consultation about potential errors in the plea proceedings was not required.

¶ 19    Rule 604(d) states:

"No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to reconsider the sentence, if only the sentence is being challenged, or, if the plea

is being challenged, a motion to withdraw the plea of guilty and vacate the judgment." Ill. S. Ct. R. 604(d) (eff. July 1, 2017).

The rule's certificate requirement states:

"The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by phone, mail, electronic means or in person to ascertain defendant's contentions of error in the sentence and the entry of the plea of guilty, has examined the trial court file and both the report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." *Id.*

¶ 20 "Compliance with the motion requirement of Rule 604 permits the trial judge who accepted the plea and imposed sentence to consider any allegations of impropriety that took place *dehors* the record and correct any error that may have led to the guilty plea." *People v. Shirley*, 181 Ill. 2d 359, 361 (1998). "[T]he rule's certificate requirement is meant to enable the trial court to ensure that counsel has reviewed the defendant's claim and considered *all* relevant bases for the motion to withdraw the guilty plea or to reconsider the sentence." (Emphasis in original.) *People v. Tousignant*, 2014 IL 115329, ¶ 16. Because Rule 604(d) is designed both to protect defendant's due process rights and to eliminate unnecessary appeals, the supreme court requires strict compliance with the rule's requirements, including the filing of the attorney certificate in the trial court. *Shirley*, 181 Ill. 2d at 362.

¶ 21 When defense counsel neglects to file a Rule 604(d) certificate, the appropriate remedy is a remand for (1) the filing of a Rule 604(d) certificate; (2) the opportunity to file a new motion to withdraw the guilty plea and/or reconsider the sentence, if counsel concludes that a new motion is necessary; and (3) a new motion hearing. *People v. Lindsay*, 239 Ill. 2d 522, 531 (2011).

¶ 22    However, not every failure to comply with Rule 604(d) requires an automatic remand for a new hearing. In *Shirley*, for example, the defendant entered a partially negotiated guilty plea. His counsel filed a motion to reduce the sentence but submitted no Rule 604(d) certificate. The defendant appealed, and the court remanded for compliance with Rule 604(d). On remand, original counsel filed a Rule 604(d) certificate and a motion to withdraw as counsel. Withdrawal was allowed, and new counsel filed a motion to reduce the sentence. After a hearing on the motion, the court denied it. Subsequently, counsel filed a Rule 604(d) certificate. On appeal, the defendant argued that a remand was necessary because the certificate was filed *after* the motion was heard and denied. The supreme court disagreed that the defendant was entitled to a second remand for strict compliance with Rule 604(d). The court wrote:

> "We reject defendant's implicit premise that the strict compliance standard of [*People v. Janes*, 158 Ill. 2d 27 (1994),] must be applied so mechanically as to require Illinois courts to grant multiple remands and new hearings following the initial remand hearing. Where, as here, the defendant was afforded a full and fair second opportunity to present a motion for reduced sentencing, we see limited value in requiring a repeat of the exercise, absent a good reason to do so." *Shirley*, 181 Ill. 2d at 369.

¶ 23    The court noted that, following the first remand, the defendant received a full and fair hearing on his motion to reduce the sentence. *Id.* Further, the defendant had never sought to withdraw his guilty plea, from which he received significant sentencing concessions. Therefore, to require another remand and hearing on the motion to reduce the sentence "would be an empty and wasteful formality." *Id.* at 370.

¶ 24    This court found good reason for a second remand in *People v. Love*, 385 Ill. App. 3d 736 (2008). There, the defendant appealed the denial of his motion to reconsider his sentence. *Id.* at

736. Because his counsel had not filed a Rule 604(d) certificate, we remanded the cause for compliance with the rule. *Id.*

¶ 25    Following remand, new counsel filed a Rule 604(d) certificate stating that she had examined the report of proceedings of the guilty plea. The following day, however, she appeared in court and stated, " '*I think I need to review the transcript of the plea itself.*' " (Emphasis in original.) *Id.* at 737. A subsequent exchange with the prosecutor left the impression that counsel had filed the certificate before reading the transcript. While it was not completely clear that counsel had filed the certificate without first examining the report of proceedings, there was enough uncertainty "to shake our confidence as to defense counsel's compliance with the substantive requirements of the rule." *Id.* at 738.

¶ 26    *Peltz* is also instructive here, although, unlike *Shirley* and *Love*, *Peltz* was an initial appeal rather than an appeal following a Rule 604(d) remand. See *Peltz*, 2019 IL App (2d) 170465, ¶ 1. In *Peltz*, defense counsel filed a Rule 604(d) certificate stating that she had " 'consulted with the [d]efendant in person to ascertain [d]efendant's contentions of error in the imposition of the sentence' " and that " '[t]he [d]efendant does not desire to withdraw his guilty plea.' " *Id.* ¶ 18. On appeal, defendant complained that the certificate did not show that counsel had consulted with the defendant about any errors in the plea process. *Id.* ¶ 19.

¶ 27    We held that the certificate complied with Rule 604(d), noting that counsel could not have certified that the defendant did not desire to withdraw his plea unless counsel had consulted with him and learned that he had no contentions of error concerning the plea process. *Id.* ¶ 22. Moreover, we dismissed any suggestion that, despite the defendant's stated desire, counsel had a duty to review the plea proceedings and consult with the defendant about any potential errors. We noted that it is exclusively the defendant's decision whether to seek withdrawal of the plea and the

rule's express language requires only that counsel ascertain " 'the defendant's' contentions of error." *Id.* ¶ 26 (quoting Ill. S. Ct. R. 604(d) (eff. Mar. 8, 2016)).

¶ 28    The present case does not present a "good reason" (*Shirley*, 181 Ill. 2d at 369) for a second remand. Defendant received a "full and fair" (*id.*) hearing on his standing motion to reconsider the sentence. Counsel certified that he consulted with the defendant to ascertain his contentions of error in the denial of his motion to reduce sentence and had examined the report of proceedings of the guilty plea and the sentencing hearings. At the November 20, 2019, hearing on remand, counsel assured the trial court that he had consulted with the defendant to ascertain whether there were "any matters he wished me to advance." Counsel then argued the additional points defendant raised.

¶ 29    Defendant contends that the certificate here is distinguishable from that in *Peltz* because it did not unequivocally state that defendant did not wish to withdraw his plea, but stated only that defendant "had not filed a motion to withdraw his plea and defendant wished to appeal only the denial of his motion for further sentence reduction." This is a distinction without a difference. If defendant has not filed a motion to withdraw his plea and "wishe[s] to appeal only the denial" of his sentencing motion, it follows that he does not wish to seek withdrawal of his plea.

¶ 30    The record further supports this conclusion. Despite three postplea hearings, defendant has never demonstrated a desire to disturb the guilty plea, which resulted in the dismissal of two charges. At sentencing, defendant told the court that he just wanted to serve his sentence. At the November 20, 2019, hearing, counsel informed the court that he had consulted with defendant to learn about "any matters he wished me to advance" and that defendant's only issues related to the sentence. Defendant has now had three opportunities (one successful) to persuade the court to reduce his sentence but has never indicated any intention to withdraw his plea. Under the

circumstances, remanding for a fourth such opportunity would be "an empty and wasteful formality." *Shirley*, 181 Ill. 2d at 370.

¶ 31    Defendant next contends that his sentence was an abuse of discretion. A trial court has broad discretion in imposing a sentence within the statutory limits. *People v. Fern*, 189 Ill. 2d 48, 53 (1999). A trial court's sentencing decision is entitled to great deference because the court is generally in a better position than a reviewing court to weigh such factors as the defendant's credibility, demeanor, moral character, mentality, social environment, habits, and age. *People v. Purcell*, 364 Ill. App. 3d 283, 303 (2006). Consequently, we may not substitute our judgment for that of the trial court merely because we might have weighed the sentencing factors differently. *Id.* Rather, we will reduce a sentence only where the trial court has abused its discretion. *People v. Jones*, 168 Ill. 2d 367, 373-74 (1995). "[A] sentence within statutory limits will be deemed excessive and the result of an abuse of discretion by the trial court where the sentence is greatly at variance with the spirit and purpose of the law, or manifestly disproportionate to the nature of the offense." *People v. Stacey*, 193 Ill. 2d 203, 210 (2000).

¶ 32    The most important sentencing factor is the seriousness of the offense. *People v. Flores*, 404 Ill. App. 3d 155, 159 (2010). Moreover, the trial court may consider at sentencing evidence of other crimes, regardless of whether the defendant was charged with or convicted of those offenses. *People v. Ward*, 154 Ill. 2d 272, 334 (1992).

¶ 33    Here, the crimes to which defendant plead guilty were extraordinarily serious, consisting of repeated abuse of his stepdaughter. Defendant was charged with four separate instances of finger-to-vagina penetration. In exchange for his plea of guilty to two charges, and State dismissed the remaining two charges. In the interview with Easton, C.G. stated that the abuse "happened almost every day." She could not even estimate the number of instances because the abuse had

become "her normal." She alleged various acts of sexual abuse in addition to finger-to-vagina penetration, and Easton testified at the sentencing hearing that defendant admitted to such acts. See *supra* ¶ 5. The trial court could properly consider this additional conduct in sentencing defendant on the two charges to which he specifically plead. See *supra* ¶ 5.

¶ 34    The psychological effect of this constant abuse on C.G. was devastating. Defendant admitted to Easton that C.G. "was trying to kill herself," and defendant believed "it was because of him." Defendant is correct that the trial court may not consider in aggravation a factor implicit in the offense of which he is convicted. See *People v. Conover*, 84 Ill. 2d 400, 404 (1981). However, the court may properly consider the *degree* of harm that the defendant's conduct caused, even where some harm is implicit in the offense. *People v. Saldivar*, 113 Ill. 2d 256, 269 (1986) ("While the classification of a crime determines the sentencing range, the severity of the sentence depends upon the *degree of harm* caused to the victim and as such may be considered as an aggravating factor in determining the exact length of a particular sentence, *even in cases where serious bodily harm is arguably implicit in the offense for which a defendant is convicted.*" (Emphases in original.)). The trial court reduced defendant's sentence out of the belief that it had erred by considering the psychological harm to C.G. Based on the foregoing authority, the court did *not* err. Nonetheless, the court made clear when resentencing defendant that it was not considering in aggravation the harm caused by defendant's acts. Defendant, however, asserts that the sentence reduction he received was disproportionate to the weight that the court previously placed on the harm to C.G. We reject this argument for two reasons. First, defendant would have us repudiate the trial court's assurance at resentencing that it was no longer considering the degree of harm to C.G. Defendant provides no sound reason for us to do so. He merely speculates as to the weight the court had placed on the degree of harm to C.G. when it originally sentenced

defendant. Second, as noted, we simply do not accept defendant's premise that the court erred in considering the degree of harm to C.G.

¶ 35 Defendant also contends that the trial court gave insufficient weight to numerous mitigating factors, including his remorse, his otherwise "unblemished" record, and his steady employment history. The court expressly stated that it considered "each and every one" of the mitigating factors. " '[A] defendant's rehabilitative potential *** is not entitled to greater weight than the seriousness of the offense.' " *People v. Alexander*, 239 Ill. 2d 205, 214 (2010) (quoting *People v. Coleman*, 166 Ill. 2d 247, 261 (1995)). We may not disturb the trial court's sentence merely because we might have weighed the mitigating factors differently. *Id.* In light of the factors reviewed above, we cannot say that the sentence was an abuse of discretion.

¶ 36                                                III. CONCLUSION

¶ 37 For the foregoing reasons, we affirm the judgment of the circuit court of Du Page County.

¶ 38 Affirmed.

---

**No. 2-19-1046**

---

| | |
|---|---|
| **Cite as:** | *People v. Alarcon-Trujillo*, 2021 IL App (2d) 191046 |

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Du Page County, No. 17-CF-1931; the Hon. Brian F. Telander, Judge, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | James E. Chadd, Douglas R. Hoff, and Eric E. Castañeda, of State Appellate Defender's Office, of Chicago, for appellant. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | Robert B. Berlin, State's Attorney, of Wheaton (Lisa Ann Hoffman, Assistant State's Attorney, of counsel), for the People. |

---