**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2022 IL App (3d) 200147-U

Order filed September 22, 2022

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Tazewell County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-20-0147 Circuit No. 18-CF-766 |
| DANIEL D. MACIEWSKI, | ) ) ) | Honorable Michael D. Risinger, |
| Defendant-Appellant. | ) | Judge, Presiding. |

PRESIDING JUSTICE O'BRIEN delivered the judgment of the court.
Justices Holdridge and Hauptman concurred in the judgment.

**ORDER**

¶ 1     *Held*:  Postplea counsel complied with the requirements of Illinois Supreme Court Rule 604(d), and the circuit court did not consider any improper factors at sentencing.

¶ 2     Defendant, Daniel D. Maciewski, appeals the denial of his motion to withdraw his guilty plea. He argues that new postplea proceedings are required because counsel failed to comply with Illinois Supreme Court Rule 604(d) (eff. July 1, 2017). Defendant also argues the Tazewell County circuit court improperly considered the victim's psychological and mental harm as an aggravating factor, because such harm is inherent in the offense. We affirm.

¶ 3                                  I. BACKGROUND

¶ 4         The State charged defendant by indictment with two counts of criminal sexual assault (720 ILCS 5/11-1.20(a)(3) (West 2018)) and three counts of aggravated criminal sexual abuse (*id.* § 11-1.60(b)). The court appointed counsel to represent defendant. On September 24, 2019, the second day of defendant's jury trial, defendant agreed to plead guilty to count I, criminal sexual assault. In exchange, the State agreed to dismiss all other charges.

¶ 5         The parties agreed that the testimony presented at trial prior to the plea would serve as the factual basis for the plea. The testimony revealed that defendant lived with his girlfriend, Karen W., and her daughter, S.W., and that on September 21, 2018, defendant touched S.W.'s vagina with his tongue. S.W. was 13 years old at the time of the offense. The court accepted defendant's plea to criminal sexual assault, and the State dismissed the remaining charges.

¶ 6         Before sentencing, defendant filed a motion as a self-represented litigant arguing he received ineffective assistance of counsel. In response, the court appointed new counsel to review the case and represent defendant at the sentencing hearing. Postplea counsel filed a motion to withdraw plea on November 22, 2019.

¶ 7         The court held the sentencing hearing on December 19, 2019. At the hearing, postplea counsel stated that he was aware he prematurely filed a motion to withdraw defendant's guilty plea. He further stated that if defendant requested it, he was prepared to refile the motion after the hearing.

¶ 8         Defendant's presentence investigation report included a victim impact letter from S.W., who stated that she developed trust issues because of defendant's actions and that defendant "took [her] mental innocences [*sic*] away." The court sentenced defendant to 9½ years' imprisonment. The court considered the statutory factors in mitigation and aggravation, stating:

"On the mitigation factors I did strongly count Factor No. 2. I did not count No. 3. I'm trying to put myself there, and I just can't. No. 6, compensating the victim. I mean, he did testify to that. I actually put Factor No. 7 in there because I read this for the first time, I guess I hadn't seen it before ***.

As to aggravation, certainly, No. 1, in fact, because of you [the State], I had to go do some research—you know, this goes back a year—as to the emotional and mental and that is definitely considered harm, so that certainly is a fair argument. And the Factor 3 you mentioned, criminal history, that butts up against Factor 7 in mitigation, and I would find that 7 overrules 3. Factor No. 7 on aggravation, deterrence, that is always a factor."

¶ 9    On January 2, 2020, postplea counsel filed a motion to withdraw defendant's plea and/or reconsider sentence. On January 13, 2020, counsel filed a Rule 604(d) certificate. The certificate stated that counsel (1) consulted with defendant, (2) examined the circuit court file and report of proceedings for both the plea and sentencing hearings, and (3) made any necessary amendments to the postplea motions.

¶ 10    Before the hearing on defendant's motions began, postplea counsel stated he had procedural matters to address:

"That even though the certificate of counsel pursuant to 604(d) was filed January 13, 2020, and I received the electric [*sic*] transcript prior to that I believe, I'm sorry, subsequent to that, I had reviewed everything with him about that. I actually let him read the entire transcripts. I have the guilty plea and the trial. I also—we also went through the entire transcript for the sentencing hearing. So the certificate of service is appropriate and was filed in compliance with the rule after everything was

reviewed and that as of this morning there are no additional issues that [defendant] directed me to file with regards to either withdrawing his guilty plea or reconsidering his sentence."

¶ 11 In response to postplea counsel's statement, the circuit court questioned defendant, who confirmed that counsel was correct and that they had reviewed all the transcripts together. The court then held a hearing on defendant's motion, which it ultimately denied. Defendant appeals.

¶ 12                                                                II. ANALYSIS

¶ 13                                             A. Illinois Supreme Court Rule 604(d)

¶ 14 Defendant argues the cause must be remanded for new postplea proceedings because postplea counsel failed to comply with Rule 604(d). Specifically, defendant argues that the record impeaches defense counsel's certificate, thereby indicating noncompliance.

¶ 15 Rule 604(d) requires, in relevant part, that defendant's attorney

> "[S]hall file with the trial court a certificate stating that the attorney has consulted with the defendant either by phone, mail, electronic means or in person to ascertain defendant's contentions of error in the sentence and the entry of the plea of guilty, has examined the trial court file and both the report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." Ill. S. Ct. R. 604(d) (eff. July 1, 2017).

Rule 604(d) ensures that any improper conduct or alleged improprieties that may have resulted in the entry of a guilty plea are brought to the court's attention before an appeal is taken. *People v. Tousignant*, 2014 IL 115329, ¶ 16. The rule is intended to make clear that counsel "has reviewed

the defendant's claim and considered all relevant bases for the motion to withdraw the guilty plea or to reconsider the sentence." (Emphasis omitted.) *Id.*

¶ 16    Strict compliance with Rule 604(d) is required. *In re H.L.*, 2015 IL 118529, ¶ 8. The failure to strictly comply with the provisions of Rule 604(d) requires remand to the circuit court for a new hearing on the motion to withdraw or reconsider. *People v. Janes*, 158 Ill. 2d 27, 33 (1994). It is not our role to pore over the record to determine whether counsel has complied with the rule. *People v. Dismuke*, 355 Ill. App. 3d 606, 609 (2005). Unless the record undermines the certificate, we only consider the certificate itself to determine compliance. *People v. Neal*, 403 Ill. App. 3d 757, 760 (2010). The question of whether counsel complied with Rule 604(d) is subject to *de novo* review. *People v. Herrera*, 2012 IL App (2d) 110009, ¶ 10.

¶ 17    Here, counsel complied with the requirements of Rule 604(d). His statement at the subsequent hearing did not impeach counsel's certificate. Counsel's certificate specifically attested that he (1) consulted with defendant, (2) examined the circuit court file and report of proceedings for both the plea and sentencing hearings, and (3) made any necessary amendments to the postplea motions. Nevertheless, defendant contends that counsel's statement to the court rebuts the affirmations in the certificate because counsel stated he received the electronic transcript "subsequent to" filing the certificate. Defendant argues that counsel's remark indicates that he filed the Rule 604(d) certificate before reading the transcripts. In making his argument, defendant ignores the rest of counsel's statement, where he specifically told the court that his certificate "was filed in compliance with the rule after everything was reviewed."

¶ 18    Defendant further relies on *People v. Love*, 385 Ill. App. 3d 736, 737 (2008), in support of his argument, but that case is readily distinguishable. In *Love*, counsel filed a certificate that was facially compliant but made certain statements to the court indicating that she had not finished

5

compliance before filing it. *Id.* Specifically, counsel stated to the court that she needed "to review the transcript of the plea itself in order to proceed," indicating that she had not yet reviewed the transcripts as required under Rule 604(d). (Emphasis omitted.) *Id.* However, unlike *Love*, counsel's statement here does not leave us with "the distinct impression that defense counsel had not, in fact, examined the transcript." *Id.* Indeed, counsel affirmatively stated that the certificate "was filed \*\*\* after everything was reviewed." Counsel's statement is not inconsistent with his certificate, as he made a clear and direct statement that he complied with the rule. Counsel indicated that he filed his certificate in compliance with Rule 604(d) and that he had reviewed the transcripts with defendant, not that he did not receive the transcripts after filing the certificate, as defendant argues. Accordingly, because the Rule 604(d) certificate is not impeached by the record, we find that it complies with the rule.

¶ 19                                    B. Sentencing

¶ 20        Defendant also argues that the court abused its discretion when it considered the victim's emotional and mental harm as a factor in aggravation because harm is an inherent factor of criminal sexual assault.

¶ 21        It is well established that a factor inherent in the offense should not be considered as a factor in aggravation at sentencing. *People v. Conover*, 84 Ill. 2d 400, 404 (1981). There is a strong presumption, however, that the circuit court based its sentencing determination on proper legal reasoning. *People v. Bowman*, 357 Ill. App. 3d 290, 303-04 (2005). We therefore review the court's sentencing decision for an abuse of discretion. *People v. Stacey*, 193 Ill. 2d 203, 209 (2000).

¶ 22        The charge defendant pled guilty to states that "[a] person commits criminal sexual assault if that person commits an act of sexual penetration and \*\*\* is a family member of the victim, and the victim is under 18 years of age." 720 ILCS 5/11-1.20(a)(3) (West 2018). We note that harm is

6

not an explicit element. Defendant's only argument is that harm is implicit in the offense and therefore may not be factored into any sentencing decisions.

¶ 23 Even so, *People v. Saldivar*, 113 Ill. 2d 256, 269 (1986), holds the degree of harm may be considered as an aggravating factor, even if that factor is arguably implicit in the offense. Case law further supports a finding that it is proper to consider the psychological or emotional harm suffered by minor victims of sexual assault. See *People v. Nevitt*, 228 Ill. App. 3d 888, 892 (1992); *People v. Ulmer*, 158 Ill. App. 3d 148, 151 (1987).

¶ 24 Applying these principles to the instant case, we find that an offense of criminal sexual assault can result in varying degrees of psychological harm, and the court did not err when considering this as a factor at sentencing.

¶ 25                                    III. CONCLUSION

¶ 26 The judgment of the circuit court of Tazewell County is affirmed.

¶ 27 Affirmed.