NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2025 IL App (4th) 240687-U

NO. 4-24-0687

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
April 10, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Warren County |
| FREDERICK D. FOX, | ) | No. 21CF61 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Nigel D. Graham, |
| | ) | Judge Presiding. |

JUSTICE CAVANAGH delivered the judgment of the court.
Justices Lannerd and DeArmond concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The appellate court affirmed, finding the record showed counsel made all necessary amendments to defendant's motion to reconsider sentence.

¶ 2    In May 2023, defendant, Frederick D. Fox, pleaded guilty to two counts of child pornography (720 ILCS 5/11-20.1(a)(1)(i) (West 2022)). Defendant was sentenced to two terms of seven years' imprisonment to be served consecutively. Defendant, through counsel, filed a timely motion to reconsider. The trial court denied defendant's motion. Counsel for defendant filed a certificate of compliance pursuant to Illinois Supreme Court Rule 604(d) (eff. Oct. 19, 2023). On appeal, defendant argues the record rebuts postplea counsel's facially valid certificate. We affirm.

¶ 3                                I. BACKGROUND

¶ 4    In February 2022, the State charged defendant by information with eight counts of

child pornography for possessing imagery on his computer depicting a child he knew or reasonably should have known to be under the age of 18 engaged in an act of sexual penetration or sexual conduct with another person. In May 2023, defendant entered into an open plea of guilty to two counts of child pornography in exchange for the State dismissing the remaining charges.

¶ 5 A sentencing hearing was held on August 17, 2023. A presentence investigation report (PSI) was admitted without changes. The PSI showed defendant had numerous traffic violations dating back to 1980. In 1994, defendant was sentenced to three years' imprisonment for unlawful delivery of a controlled substance and three and a half years' imprisonment, to be served consecutively, for aggravated battery. In 2002, defendant was sentenced to 18 months' imprisonment for aggravated driving under the influence.

¶ 6 The State called as a witness Monmouth, Illinois, police officer Bill Benson, who testified he found on defendant's computer a pornographic image depicting an unknown male engaging in a sexual act with two women. The faces of the women had been digitally altered so that defendant's wife and granddaughter were superimposed on them. Several other images found on defendant's computer were also admitted into evidence. Upon seizing defendant's computer, 1,250 images were recovered, of which 400 were determined to be " 'Child Notables.' " Benson also testified to a police report from an investigation in 2013, when defendant had been suspected of previously possessing child pornography. The report was admitted into evidence over defendant's objection. On cross-examination, Benson admitted the charges were ultimately dismissed in that case.

¶ 7 Two letters written on defendant's behalf were admitted into evidence without objection. Defendant gave a statement in allocution, apologizing to his granddaughter.

¶ 8          The trial court found various statutory factors in aggravation existed. Specifically, the court noted defendant's conduct caused or threatened serious harm because the minor victim lived in the household with defendant (730 ILCS 5/5-5-3.2(a)(1) (West 2022));defendant had a prior criminal history (*id.* § 5-5-3.2(a)(2));a sentence was necessary to deter others (*id.* § 5-5-3.2(a)(7)); and defendant held a position of trust or authority over the victim (*id.* § 5-5-3.2(a)(14)). The court also noted defendant had been previously put on notice about child pornography from the 2013 police investigation, but it had not deterred his conduct. The court found no statutory factors in mitigation existed. The court sentenced defendant to seven years' imprisonment for each count to be served consecutively.

¶ 9          On August 18, 2023, defendant filed motions to withdraw his guilty plea and to reconsider his sentence. Both motions incorrectly indicated defendant was sentenced to two terms of seven years' imprisonment to be served concurrently. The parties appeared again in September 2023, wherein defendant's postplea counsel requested additional time to review the transcripts from the sentencing hearing to be compliant with Rule 604(d).

¶ 10          On November 8, 2023, counsel for defendant filed a certificate of compliance with Rule 604(d), indicating he had consulted with defendant about any contentions of error in his guilty plea or sentencing, examined the court file and report of proceedings from both the guilty plea and sentencing, and made any amendments to the motion necessary to adequately present any defects in those proceedings.

¶ 11          A hearing on defendant's postsentencing motion occurred on March 21, 2024. Defendant's counsel stated he was under the impression he was required to file a motion to withdraw the guilty plea in order to challenge the sentence. Counsel stated he later learned he was not required to do so and consulted with defendant. Defendant told counsel he did not wish

- 3 -

to withdraw his guilty plea but only challenge the sentence. Thus, defendant moved to withdraw the motion to withdraw his guilty plea. Counsel indicated he had spoken with defendant immediately following the sentencing hearing about challenging the sentence imposed. He stated he filed the motion to reconsider the sentence the day after the sentencing hearing "as a placeholder." Counsel stated he again spoke with defendant two weeks prior to the motion hearing to confirm he and defendant "were still on the same page as to what [defendant's] contentions were." Counsel concluded the "entire argument *** is simply that based on the evidence that was provided at the sentencing hearing that the sentence imposed was excessive."

¶ 12    The trial court denied defendant's motion to reconsider. The court stated it had properly found no factors in mitigation applied and imposed an appropriate sentence.

¶ 13    This appeal followed.

¶ 14    II. ANALYSIS

¶ 15    On appeal, defendant argues his postplea counsel's facially valid Rule 604(d) certificate is rebutted by the record. Defendant contends postplea counsel's lack of specific arguments in his postsentencing motions, factual error indicating his sentences were concurrent, and failure to offer a detailed argument at the motion hearing all rebut counsel's Rule 604(d) certificate.

¶ 16    Rule 604(d) requires counsel representing a defendant on a motion to reconsider sentence to certify the following:

> "[T]he attorney has consulted with the defendant either by phone,
> mail, electronic means or in person to ascertain defendant's
> contentions of error in the sentence and the entry of the plea of
> guilty, has examined the trial court file and both the report of

- 4 -

proceedings of the plea of guilty and the report of proceedings in the sentencing hearing, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." Ill. S. Ct. R. 604(d) (eff. Oct. 19, 2023).

¶ 17　　　　　"[C]ounsel must strictly comply with 'each of the provisions of Rule 604(d).' " *People v. Gorss*, 2022 IL 126464, ¶ 19 (quoting *People v. Janes*, 158 Ill. 2d 27, 33 (1994)). This court generally considers the certificate itself to evaluate compliance with Rule 604(d); however, the certificate may be refuted by the record. *People v. Curtis*, 2021 IL App (4th) 190658, ¶ 37. We review *de novo* whether counsel strictly complied with the provisions of Rule 604(d). *Gorss*, 2022 IL 126464, ¶ 10.

¶ 18　　　　　Defendant argues *People v. Love*, 385 Ill. App. 3d 736 (2008), controls here. In *Love*, the defendant's counsel filed a Rule 604(d) certificate indicating compliance with the rule. *Id.* at 736, However, counsel shortly thereafter stated, " '*I think I need to review the transcript of the plea itself in order to proceed.*' " (Emphasis in original.) *Id.* at 737. The appellate court concluded counsel's filing of the Rule 604(d) certificate prior to complying with the rule's substantive requirements rendered the certificate ineffective. *Id.* at 739. Specifically, the court found the record impeached the facially valid Rule 604(d) certificate and remanded the matter for further proceedings. *Id.*

¶ 19　　　　　We are unpersuaded by defendant's arguments and reliance on *Love* on appeal. See *Insurance Benefit Group, Inc. v. Guarantee Trust Life Insurance Co.*, 2017 IL App (1st) 162808, ¶ 44 (noting the appellant bears the burden of persuasion as to his or her claims of error). Nothing in the record suggests defendant's counsel filed the Rule 604(d) certificate prior to reviewing the transcripts of the proceedings. Rather, the record shows counsel for defendant

filed the motion to reconsider and later appeared before the trial court requesting more time to receive and review the transcripts of the proceedings *before* filing the Rule 604(d) certificate. Defendant argues his counsel's lack of detailed argument both in the motion to reconsider sentence and at the motion hearing shows, similar to *Love*, he had not complied with the requirements of Rule 604(d). We agree with defendant that a hearing on a postsentencing motion "must be more than a charade performed only to allow an appeal to proceed." *People v. Bridges*, 2017 Ill App (2d) 150718, ¶ 10. However, the record here clearly demonstrates, unlike in *Love*, counsel had spoken with defendant just two weeks prior to the motion hearing to confirm he and defendant were "still on the same page" about defendant's contentions with his sentence. It was clear from the record defendant simply thought his seven-year sentences were excessive. The trial court, in response to defendant's arguments, reaffirmed its findings that the sentence imposed was appropriate and that no factors in mitigation applied. Defendant's contentions on appeal essentially seek remand for the trial court to reassess its application of the statutory factors in aggravation and mitigation; that is, defendant seeks relief for which he has already asked. "Accordingly, '[t]o require remand in the instant matter *** would elevate form over substance without serving the ends of real justice.' " *People v. Henderson*, 217 Ill. 2d 449, 469 (2005) (quoting *People v. Wiliams*, 344 Ill. App. 3d 334, 339 (2003)).

¶ 20 That said, we agree with defendant that the motion to reconsider contained a clear error by stating defendant's prison sentences were to be served concurrently, when, in fact, they were to be served consecutively. However, such an error does not entail counsel's failure to make the necessary amendments to the motion to comply with Rule 604(d). Rule 604(d) requires postplea counsel to make any amendments to the motion "necessary for adequate presentation of any defects in those proceedings." Ill. S. Ct. R. 604(d) (eff. Oct. 19, 2023). The rule's plain

language does not explicitly require counsel to make an amendment to any purported scrivener's errors to the pleading itself. See *People v. Easton*, 2018 IL 122187, ¶ 13 ("The same principles that govern the construction of statutes also guide the interpretation of [Illinois Supreme Court] rules."); see also *People v. Smith*, 2016 IL 119659, ¶ 28 ("No rule of construction authorizes this court to declare that the legislature did not mean what the plain language of the statute imports, nor may we rewrite the statute to add provisions or limitations the legislature did not include.").

¶ 21　　　　　　　　　　　　　　III. CONCLUSION

¶ 22　　　　　For the reasons stated, we affirm the trial court's judgment.

¶ 23　　　　　Affirmed.