# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

*People v. Herrera*, 2012 IL App (2d) 110009

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee v. MARTIN A. HERRERA, Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-11-0009 |
| Filed | June 1, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Where the public defender who represented defendant at his guilty plea and sentencing became a judge after filing a motion to reconsider defendant's sentence and a Supreme Court Rule 604(d) certificate and another public defender represented defendant when the motion to reconsider the sentence was denied, the order denying the motion to reconsider was vacated and the cause was remanded for further proceedings, since the certificate filed by the successor public defender failed to strictly comply with the requirements of Rule 604(d). |
| Decision Under Review | Appeal from the Circuit Court of Kane County, No. 06-CF-3069; the Hon. Allen M. Anderson, Judge, presiding. |
| Judgment | Vacated and remanded. |

| Counsel on Appeal | Thomas A. Lilien and Josette Skelnik, both of State Appellate Defender's Office, of Elgin, for appellant. |
|---|---|
| | Joseph H. McMahon, State's Attorney, of St. Charles (Lawrence M. Bauer and Marshall M. Stevens, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |

| Panel | JUSTICE ZENOFF delivered the judgment of the court, with opinion. |
|---|---|
| | Justices McLaren and Birkett concurred in the judgment and opinion. |

## OPINION

¶ 1     Defendant, Martin A. Herrera, appeals from an order of the circuit court of Kane County denying his motion to reconsider his sentence, which was filed following defendant's nonnegotiated plea of guilty to two counts of aggravated driving under the influence (625 ILCS 5/11-501(a), (d)(1)(F) (West 2008). For the following reasons, we vacate and remand for further proceedings.

¶ 2                        BACKGROUND

¶ 3     On January 31, 2008, a grand jury reindicted defendant on two counts of reckless homicide (720 ILCS 5/9-3(a) (West 2008)) and two counts of aggravated driving under the influence. The charges arose from an accident defendant caused on August 26, 2006, when he crossed the center line on the High Street bridge in Aurora, Illinois, and struck head-on a vehicle driven by Rebecca Wilkinson. Rebecca Wilkinson and her mother, Bonnie Wilkinson, who was a front-seat passenger, both died of injuries they sustained in the crash.

¶ 4     On August 1, 2008, while defendant was represented by privately retained counsel, defendant and the State presented to the trial court a fully negotiated plea of guilty. Under the terms of the plea, defendant would be sentenced to concurrent terms of imprisonment of five years on count III (aggravated driving under the influence) of the indictment and three years on an amended count V (aggravated driving under the influence resulting in great bodily harm). However, at the hearing at which the plea was presented, defendant told the court that he wanted to go to trial but did not have the money to pay his counsel. Defendant's counsel subsequently withdrew, and the court appointed David P. Kliment, the Kane County public defender, to represent defendant. On the day set for a bench trial, defendant entered a "cold" plea–meaning that the sentence was not agreed to–to counts III and V of the

indictment.[1] The matter was continued for a presentence investigation report and sentencing. At sentencing, after hearing evidence in aggravation and mitigation, the trial court sentenced defendant to 10 years' imprisonment.

¶ 5 On January 11, 2010, Kliment filed a motion to reconsider the sentence. On December 7, 2010, Kliment filed a "Supreme Court Rule 604(d) Certificate." See Ill. S. Ct. R. 604(d) (eff. July 1, 2006). The certificate stated the following:

"Now [c]omes David P. Kliment, attorney for the defendant, Martin Herrera, and for his 604(d) certificate states as follows:

1. That he is the attorney of record in this case.

2. That he has consulted with the defendant regarding his contentions of error in this case.

3. That he has examined the trial court file and the report of proceedings of the plea of guilty and has made any amendment necessary to the pleadings."

After Kliment filed his certificate and the motion to reconsider the sentence, but before the motion was heard by the trial court, Kliment became a judge. However, the public defender's office continued to represent defendant. On December 30, 2010, Assistant Public Defender Julia A. Yetter was present in court on defendant's behalf. She informed the court that defendant's file had been reassigned to her. She further represented to the court:

"I have met with [defendant] this morning in court. I did also review the record. I have reviewed the file, I have reviewed the transcripts, and now I have met with [defendant] and discussed the issues with him, and subsequent to doing that I did file my 604(d) certificate in court this morning. *** I am prepared to proceed. *** And, your Honor, I just have brief arguments on the motion. The motion that was filed by Mr. Kliment, I do not intend to amend or supplement."

Yetter then argued the substance of the motion to reconsider the sentence. The trial court denied the motion.

¶ 6 Yetter's Rule 604(d) certificate appears in the supplemental record defendant filed in this court. It stated as follows:

"JULIA A. YETTER, as Attorney for MARTIN HERRERA, for the purposes of this MOTION TO RECONSIDER SENTENCE PURSUANT TO ILLINOIS SUPREME COURT RULE 604(d), certifies as follows:

1. That the below-signed attorney has consulted with the Defendant by mail, telephone, or in person to ascertain his claim of error in the entry of his sentence.

2. That the below-signed attorney has examined the common-law record.

3. That the below-signed attorney has received and reviewed the transcripts of the court proceedings on the date [d]efendant entered his plea of guilty."

---

[1]When defendant failed to go through with the negotiated plea on August 1, 2008, the State reinstated the original charge in count V, which charged aggravated driving under the influence resulting in death.

Following the trial court's denial of the motion to reconsider the sentence, defendant filed a timely appeal.

¶ 7                                        ANALYSIS

¶ 8        Defendant raises two issues in this appeal. He first argues that this cause must be remanded for new postplea proceedings because the Rule 604(d) certificates filed by both Kliment and Yetter failed to strictly comply with the rule. Defendant's second contention is that the trial court improperly considered in aggravation the deaths of the two victims, a factor inherent in the offense, when sentencing defendant.

¶ 9        Rule 604(d) provides that a defendant who wishes to appeal from a judgment entered upon a nonnegotiated plea of guilty must, within 30 days of the date on which sentence is imposed, file in the trial court a motion to reconsider the sentence or, if the plea is being challenged, a motion to withdraw the plea of guilty and vacate the judgment. The rule further provides in relevant part:

> "The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by mail or in person to ascertain defendant's contentions of error in the sentence or the entry of the plea of guilty, has examined the trial court file and report of proceedings of the plea of guilty, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." Ill. S. Ct. R. 604(d) (eff. July 1, 2006).

¶ 10       In *People v. Janes*, 158 Ill. 2d 27 (1994), our supreme court reiterated that Rule 604(d) is to be strictly adhered to and held that the remedy for failure to strictly comply with each provision of the rule is a remand to the circuit court for the filing of a new motion to withdraw the guilty plea or to reconsider the sentence and a new hearing on the motion. *Janes*, 158 Ill. 2d at 32-33. Here, defendant contends that Kliment's certificate failed to comply with the rule because it stated only that Kliment had consulted with defendant regarding his contentions of "error" and did not spell out whether the contentions of error were with respect to the guilty plea, the sentence, or both. Defendant contends that Yetter's certificate was deficient, not only because it failed to allege that Yetter had consulted with defendant to ascertain his claims of error in the entry of his guilty plea, but also because it failed to allege that she made any amendments to the motion necessary for adequate presentation of defects in the proceedings. The State concedes that Yetter's certificate did not strictly comply with the rule but contends that Kliment's certificate complied and that no further filing was necessary when Yetter stepped in to represent defendant. Compliance with a supreme court rule is reviewed *de novo*. *People v. Dismuke*, 355 Ill. App. 3d 606, 608 (2005).

¶ 11       We need not decide whether Kliment's certificate complied with Rule 604(d), because Yetter, who represented defendant at the hearing on the motion to reconsider his sentence, had the obligation to file a compliant certificate. The instant case is indistinguishable from *People v. Ritchie*, 258 Ill. App. 3d 164 (1994), where this court held that the "purpose of [Rule 604(d)] is frustrated if [a certificate] by an attorney who no longer represents [the] defendant is deemed adequate compliance with the rule." *Ritchie*, 258 Ill. App. 3d at 167.

-4-

Because of the strict forfeiture provision of Rule 604(d) (any issue not raised by the defendant in his or her postplea motion is deemed forfeited), fundamental fairness requires that the defendant have the assistance of counsel in preparing and *presenting* his motion, and Rule 604(d) ensures that those duties are performed and that the defendant's due process rights are protected. *Janes*, 158 Ill. 2d at 35. Without a compliant certificate filed by the attorney who represents the defendant at his or her postplea hearing, the court has no assurance that the attorney *presenting* the motion has a grasp of the record and the defendant's contentions of error.

¶ 12    Here, as in *Ritchie*, the record does not indicate that Yetter conferred with Kliment regarding the contentions of error he discussed with defendant. Yetter stated on the record that she conferred with defendant on the morning of the hearing and that she reviewed the transcripts and would not be amending the motion, but she did not say that she had consulted with Kliment to determine his reasons for filing only a motion to reconsider the sentence. Thus, we have the same concern we had in *Ritchie*, that the purpose of Rule 604(d) might not have been fulfilled.

¶ 13    While Yetter supplemented her certificate by placing on the record that she had consulted with defendant and had reviewed the transcripts, the verbal representations were insufficient to rescue her deficient certificate. In *People v. Love*, 385 Ill. App. 3d 736 (2008), a certificate was impeached by the record, which "[shook] our confidence" that counsel had actually complied with the rule, because it appeared from the record that counsel filed her certificate before she examined the report of proceedings of the guilty plea. *Love*, 385 Ill. App. 3d at 738. However, the converse is not true. We will not waste judicial resources by scouring through the record to determine whether an attorney actually complied with the rule. *Dismuke*, 355 Ill. App. 3d at 609. Unless the record undermines the certificate, as in *Love*, the only thing we consider in determining compliance with Rule 604(d) is the certificate itself. See *People v. Neal*, 403 Ill. App. 3d 757, 760 (2010). Accordingly, we must vacate and remand this cause for new postplea proceedings.

¶ 14    Our supreme court in *Janes* was clear when it required strict compliance. *Neal*, 403 Ill. App. 3d at 760. Nevertheless, the appellate court is inundated with cases like the one at bar, where either there is no strict compliance or the certificate is ambiguous. While this court has said that strict compliance does not mean that counsel must recite "word for word" the verbiage of the rule (*People v. Wyatt*, 305 Ill. App. 3d 291, 297 (1999)), we now admonish attorneys that a "word for word" recitation is the better practice. We urge trial courts to be vigilant in ensuring compliance. Trial courts possess the power and the duty to examine certificates, and they should reject those that do not comply, with instructions to counsel to file another certificate, if need be, in accordance with the requirements of the rule. *People v. Grice*, 371 Ill. App. 3d 813, 816 (2007). The court in *Grice* described the waste of judicial resources that occurs due to defective Rule 604(d) certificates as "terrible." *Grice*, 371 Ill. App. 3d at 816. We agree. We add that the State also has an obligation to examine a certificate and bring any noncompliance to the trial court's attention.

¶ 15    Because this case must be remanded for new postplea proceedings, we do not reach defendant's second contention, that the trial court erred in considering the victims' deaths as an aggravating factor at sentencing.

¶ 16        For the foregoing reasons, the judgment of the circuit court of Kane County is vacated, and this matter is remanded for further proceedings in accordance with this opinion.

¶ 17        Vacated and remanded.