2022 IL App (1st) 201309-U
Order filed: December 8, 2022

FIRST DISTRICT
FOURTH DIVISION

No. 1-20-1309

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County |
| | ) | |
| v. | ) | No. 05 CR10529 01 |
| | ) | |
| EARL TRAVIS, | ) | |
| | ) | Honorable |
| Defendant-Appellant. | ) | Brian Flaherty, |
| | ) | Judge, presiding. |

_____

JUSTICE ROCHFORD delivered the judgment of the court.
Presiding Justice Lampkin and Justice Hoffman concurred in the judgment.

**ORDER**

¶ 1    *Held:* We affirmed the second-stage dismissal of defendant's postconviction petition, holding that defendant's court-appointed counsel was not required to file a Rule 651(c) certificate or otherwise show that she satisfied the duties prescribed by Rule 651(c) after predecessor counsel already had done so.

¶ 2    Defendant, Earl Travis, appeals the second-stage dismissal of his postconviction petition.

He argues that he is entitled to a remand for further second-stage proceedings because his second

postconviction counsel did not file a certificate attesting to her compliance with the requirements

of Illinois Supreme Court Rule 651(c) (eff. July 1, 2017) or otherwise show that she had complied with that rule. The State responds that the attorney was not required to file a Rule 651(c) certificate or otherwise show her compliance because her predecessor counsel already had done so. We agree with the State and affirm the second-stage dismissal.

¶ 3     Defendant was charged with the first degree murder of Joseph Hill.

¶ 4     At trial, the State presented evidence that defendant and Hill were drug dealers and members of rival gangs. On February 11, 2005, defendant went to his uncle's house and saw Hill engaging in a drug transaction with two of defendant's customers. Defendant and Hill exchanged words. Hill went inside his apartment across the street from the uncle's house and returned wearing a hooded sweatshirt. Hill had his hand in his pocket and signaled for fellow gang members to approach defendant. Defendant testified that Hill pulled a gun from his pocket and that defendant shot and killed him in self-defense.

¶ 5     The trial court convicted defendant of second-degree murder and sentenced him to 20 years' imprisonment. On direct appeal, defendant argued that: the State failed to prove him guilty of second-degree murder beyond a reasonable doubt; the trial court erred in applying the law with respect to self-defense; his right to a speedy trial was violated; and the trial court imposed an excessive sentence. This court affirmed. See *People v. Travis*, No. 1-06-3052 (2008) (unpublished order under Supreme Court Rule 23).

¶ 6     On March 5, 2010, defendant filed a *pro se* postconviction petition raising a number of purported constitutional violations, including: the State's failure to disclose Hill's full criminal history, including a prior conviction for robbery, in violation of its disclosure obligations under *Brady v. Maryland*, 373 U.S. 83 (1963); appellate counsel's ineffective assistance for failing to raise the *Brady* violation on direct appeal; and the trial court's failure to consider Hill's robbery

conviction when sentencing defendant. The postconviction court summarily dismissed the petition on July 2, 2010.

¶ 7    On July 12, 2011, this court remanded for second-stage proceedings because the postconviction court had failed to rule on the petition within 90 days as required by section 122-2.1 of the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-2.1(b) (West 2010)). On remand, Assistant Public Defender (APD) Mary Duchatellier was appointed to represent defendant and she filed a Rule 651(c) certificate stating that: she had communicated with defendant, by personal meeting and phone calls, to ascertain his contentions of deprivation of constitutional rights; had examined the record of proceedings at trial; and determined that defendant's *pro se* petition adequately presented his contentions.

¶ 8    On February 22, 2019, the State filed a motion to dismiss defendant's *pro se* petition. First, with respect to the alleged *Brady* violation, the State argued that defendant failed to show he was prejudiced by its failure to disclose Hill's prior robbery conviction as there was other evidence presented at trial as to Hill's reputation as a "stickup man." The State contended that such evidence was functionally similar to evidence that Hill had engaged in robberies and was expressly considered by the trial court when rendering its verdict. Therefore, the outcome of the trial would have been the same even if evidence of the robbery conviction had been elicited at trial.

¶ 9    Second, the State argued that defendant's appellate counsel was not ineffective for failing to raise the unmeritorious *Brady* issue.

¶ 10    Third, the State argued that *res judicata* barred defendant's claim that the trial court failed to consider Hill's robbery conviction when sentencing him. The State further argued that defendant's claim was otherwise meritless.

¶ 11     On April 19, 2019, APD Camille Calabrese advised the postconviction court during a routine status call that she recently had been assigned to the case. At the next court date on July 12, 2019, Calabrese informed the court that defendant had brought "a matter" to her attention that she was investigating. The cause was continued.

¶ 12     On January 24, 2020, Calabrese advised the court that she would not be filing a response to the State's motion to dismiss. She further stated:

> "My colleague already filed a 651(c) when I was assigned this case. I spoke to [defendant]. He raised one more issue that wasn't included in his *pro se* petition. I researched it and discussed my findings with [defendant]. He did not get back to me. Therefore, I rest on the pleadings *** and my colleague's 651(c) previously filed."

¶ 13     On January 31, 2020, the postconviction court held a hearing on the State's motion to dismiss. After the State argued its motion, Calabrese informed the court:

> "I was in contact with [defendant] who asserted that there might possibly be another witness on this case by the name of Trenis Jackson, an attorney, who might recall a certain interview. I am making a statement for the record that I did, in fact, follow up on that and interview Mr. Jackson who had no recall, and I did indeed communicate that to [defendant]. My colleagues filed their 651(c) petition, which you already have of record in your file; and with that, Judge, you have his pleading before you. They had nothing further to add to that pleading. Therefore, we will *** stand on the pleadings, Judge."

¶ 14     On November 20, 2020, the postconviction court granted the State's motion to dismiss defendant's *pro se* postconviction petition. The court found that defendant's claim of a *Brady* violation lacked merit given his inability to show he suffered prejudice as a result of the State's failure to disclose Hill's robbery conviction because "it was obvious from the record as set forth

in the motion to dismiss that the trial judge was aware of the victim's background." Given that defendant's *Brady* claim lacked merit, the postconviction court found that appellate counsel was not ineffective for failing to raise the issue on direct appeal. Finally, the court found that *res judicata* barred defendant's claim that the trial court failed to consider Hill's robbery conviction when sentencing him.

¶ 15    Defendant appeals the second-stage dismissal of his petition.

¶ 16    The Act provides a method by which defendant can assert that his conviction resulted from a substantial denial of his constitutional rights. *People v. Hodges*, 234 Ill. 2d 1, 9 (2009). Under the Act, a postconviction proceeding not involving the death penalty contains three stages. *People v. Gaultney*, 174 Ill. 2d 410, 418 (1996). At the first stage, the court must independently review the petition within 90 days of its filing and shall dismiss it if it is frivolous or patently without merit. 725 ILCS 5/122-2.1(a)(2) (West 2020).

¶ 17    When a postconviction petition is not dismissed as frivolous or patently without merit within 90 days after it is filed, it advances to second-stage proceedings, including the appointment of counsel. 725 ILCS 5/122-2.1(b), 122-4 (West 2020). As there is no constitutional right to postconviction counsel, the right to counsel recognized in the Act exists as a matter of "legislative grace." *People v. Custer*, 2019 IL 123339, ¶ 30. Once counsel is appointed for an indigent defendant at the second stage, he is entitled only to the level of assistance guaranteed by the Act. *People v. Smith*, 2022 IL 126940, ¶ 13. That "required quantum of assistance has been judicially deemed to be a 'reasonable level,' a standard that is significantly lower than the one mandated at trial by our state and federal constitutions." *Custer*, 2019 IL 12339, ¶ 30 (citing *People v. Pendleton*, 223 Ill. 2d 458, 472 (2006)).

¶ 18    To ensure that postconviction petitioners receive the reasonable level of assistance guaranteed under the Act, Rule 651(c) imposes specific duties on postconviction counsel. *People v. Suarez*, 224 Ill. 2d 37, 42 (2007). Rule 651(c) requires postconviction counsel to make a showing that: they consulted with defendant either in person or by phone, mail, or electronic means to ascertain defendant's alleged deprivation of constitutional rights; examined the record of the trial proceedings; and made any necessary amendments to the *pro se* petition for an adequate presentation of defendant's contentions. Ill. S. Ct. R. 651(c) (eff. July 1, 2017). Such a showing may be made by a certificate filed by the postconviction attorney attesting that they have performed the duties mandated by Rule 651(c). *Id.* The certificate gives rise to a rebuttable presumption that counsel provided the reasonable level of assistance guaranteed by the Act. *People v. Profit*, 2012 IL App (1st) 101307, ¶ 19. When a Rule 651(c) certificate is not filed, "a clear and affirmative showing of compliance on the record must be present." *People v. Richardson*, 382 Ill. App. 3d 248, 256 (2008).

¶ 19    In the instant case, defendant does not dispute that his initial postconviction attorney, Duchatellier, filed a Rule 651(c) certificate, nor does he try to overcome the presumption that Duchatellier provided him the reasonable assistance guaranteed by the Act. Instead, defendant contends that his second postconviction attorney, Calabrese, was herself required to file a Rule 651(c) certificate or otherwise clearly and affirmatively show that she complied with the Rule 651(c) duties of communicating with defendant about his constitutional contentions, reading the trial record, and making any necessary amendments to the *pro se* petition. Defendant contends that Calabrese failed to file the Rule 651(c) certificate, nor did she otherwise show that she complied with the Rule 651(c) duty of reading the trial record.

¶ 20    Our supreme court's decision in *Smith*, 2022 IL 126940, is instructive. In *Smith*, petitioner was convicted of two counts of attempted first degree murder, home invasion, armed robbery, and multiple counts of aggravated battery. *Id.* ¶ 5. Petitioner filed a *pro se* postconviction petition and his initial appointed counsel, APD Denise Avant, filed a Rule 651(c) certificate. *Id.* ¶ 6. The State filed a motion to dismiss the petition. *Id.* ¶ 7. Before the hearing on the motion, Avant left the public defender's office and APD Christine Underwood was appointed and represented petitioner at the hearing. *Id.* ¶ 8. The postconviction court granted the State's motion to dismiss. *Id.* Petitioner appealed, arguing that he was entitled to a remand for further second-stage proceedings because Underwood did not file a Rule 651(c) certificate or demonstrate her compliance with Rule 651(c). *Id.* ¶ 9. The appellate court affirmed. *Id.* ¶ 10 (citing 2020 IL App (1st) 181220).

¶ 21    The supreme court granted petitioner's petition for leave to appeal to address the issue of whether each attorney who represents a postconviction petitioner at the second stage must demonstrate compliance with Rule 651(c), even after petitioner's predecessor counsel already had filed a Rule 651(c) certificate giving rise to the presumption that there was compliance with the rule. *Id.* ¶ 12. The supreme court noted that when interpreting supreme court rules, the reviewing court applies the same principles of construction applicable to statutes and attempts to ascertain the drafters' intent, which is best indicated by the language of the rule under consideration. *Id.* Review is *de novo*. *Id.*

¶ 22    Petitioner argued that by its present-tense reference to "petitioner's attorney," Rule 651(c) requires that each attorney who is currently representing him at the second stage must file a Rule 651(c) certificate or otherwise demonstrate compliance with the rule. *Id.* ¶ 17. According to petitioner, although Avant filed a Rule 651(c) certificate, she was not his attorney after she withdrew; instead, her replacement, Underwood, became his attorney and "ultimately

represent[ed]" him and she needed to file the certificate or demonstrate her compliance with Rule 651(c). *Id.*

¶ 23    The supreme court disagreed, noting that petitioner's argument improperly inserts words into the rule that do not exist and that:

> "Rule 651(c) does not reference the 'dispositive hearing' or qualify that 'petitioner's attorney' is the 'attorney who ultimately represents petitioner at the dispositive hearing.' [Citation.] Additionally, petitioner ignores that the plain language of the rule contemplates that 'petitioner's attorney' make 'any amendments to the petitions filed *pro se*'—not to a petition that was filed *pro se* and subsequently amended or not amended by previous postconviction counsel." *Id.* ¶ 19.

¶ 24    The supreme court agreed with the State's argument that Rule 651(c) guarantees that postconviction counsel will shape a petitioner's petition into the proper legal form and then present the petition to the court. *Id.* ¶¶ 28-29. Once done, Rule 651(c)'s purpose has been satisfied and the scope of postconviction counsel's duties at subsequent hearings turns on the requirement to provide reasonable representation—not on Rule 651(c)'s mandates. *Id.*

¶ 25    The supreme court noted that in the case before it, Avant filed a Rule 651(c) certificate and the State filed its motion to dismiss before Underwood took over representation. *Id.* ¶ 29. By virtue of Avant filing a Rule 651(c) certificate, a rebuttable presumption arose that petitioner received reasonable assistance of postconviction counsel when shaping his petition into the proper form. *Id.* Underwood's role in arguing against the State's dismissal motion was different than Avant's role in shaping the petitioner's petition into the proper form and, as such, Underwood was not required to file a duplicative Rule 651(c) certificate or otherwise demonstrate her compliance with the duties imposed therein. *Id.* ¶ 30.

¶ 26    The supreme court rejected petitioner's argument that since the law continuously evolves, a later-appointed attorney should be required to file a Rule 651(c) certificate or otherwise show that she read the record and consulted with petitioner to adequately present his claims under the law as it existed at the time of the second-stage hearing. *Id.* ¶ 27. The court noted that Rule 651(c) imposes no timeframe as to how soon before the hearing on the State's motion to dismiss the certificate must be filed, nor is there any requirement that postconviction counsel consult with petitioner a certain number of times. *Id.* ¶ 32. Avant's filing of the Rule 651(c) certificate complied with the rule and Underwood was not required to file a duplicative certificate or make any other showing of compliance with Rule 651(c). *Id.* ¶¶ 29-30.

¶ 27    As in *Smith*, defendant here was appointed counsel (Duchatellier) at the second stage who filed the requisite Rule 651(c) certificate attesting that she communicated with defendant about his constitutional claims, read the trial record, and determined that no amendments to the *pro se* petition were needed. The filing of the certificate gives rise to the presumption that there was compliance with the rule when Duchatellier shaped the petition in the proper legal form and presented it to the court. As Rule 651(c)'s purpose had been satisfied, the subsequent appointment of Calabrese as new postconviction counsel did not necessitate that she file a duplicative Rule 651(c) certificate or otherwise show her compliance with Rule 651(c); rather, her requirement was to provide defendant reasonable representation.

¶ 28    In the course of her representation, Calabrese communicated with defendant, who told her that there was a possible witness, an attorney, who "might recall a certain interview." Calabrese spoke with the attorney, who told her that he did not recall any such interview. Defendant also informed Calabrese that there was one additional (unidentified) issue that was not included in the *pro se* petition; Calabrese researched the issue and discussed her findings with defendant.

Calabrese subsequently informed the court that she was not filing a response to the State's motion to dismiss; at the hearing on the State's dismissal motion, Calabrese informed the court that defendant was standing on the pleadings.

¶ 29    Defendant makes no argument on appeal that Calabrese's representation of him during second-stage proceedings, including her interview of the attorney, her researching of the additional issue, and her decision to rest on the pleadings without filing a response to the State's motion to dismiss, was in any way unreasonable. In the absence of any showing that Calabrese deprived defendant of reasonable representation under the Act, we affirm the second-stage dismissal order.

¶ 30    Before concluding, we note that defendant attempts to analogize the filing of a Rule 651(c) certificate to that of a Rule 604(d) certificate. Rule 604(d) states that, when a defendant moves to withdraw his guilty plea or reconsider the sentence imposed following the plea, his attorney

    "shall file with the trial court a certificate stating that the attorney has consulted with the defendant *** to ascertain defendant's contentions of error in the sentence and the entry of the plea of guilty, has examined the trial court file and both the report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." Ill. S. Ct. R. 604(d) (eff. July 1, 2017).

¶ 31    Defendant cites two second district appellate court cases, *People v. Ritchie*, 258 Ill. App. 3d 164 (1994), and *People v. Herrera*, 2012 IL App (2d) 110009, which each held that the attorney who represents a defendant at a hearing to withdraw his guilty plea or reconsider the sentence imposed following the plea may not rely on a Rule 604(d) certificate filed by an attorney who no longer represents him. Defendant argues that the same principle should apply here such that an attorney who represents a petitioner at a second-stage hearing on the State's motion to dismiss may

not rely on the Rule 651(c) certificate filed by an attorney who no longer represents the petitioner but must file their own such certificate or demonstrate their compliance with Rule 651(c).

¶ 32     The exact same argument was rejected by the supreme court in *Smith*. The supreme court noted that Rule 604(d) protects a defendant's constitutional right to effective assistance of counsel at a critical stage of the proceedings on his guilty plea, whereas Rule 651(c) protects the "significantly lower" statutory right to reasonable assistance of counsel applicable in postconviction proceedings. *Smith*, 2022 Il 126940, ¶ 35. Further, Rule 604(d)'s purpose was to ensure that any errors in the guilty plea and subsequent sentence are brought to the circuit court's attention before appeal, while memories remain fresh and witnesses are available to testify. *Id.* By contrast, Rule 651(c) "lacks the same caliber of critically time-sensitive considerations that are attendant to withdrawal of a guilty plea or reconsideration of a sentence imposed following the plea." *Id.* Accordingly, the supreme court held that petitioner had failed to make any compelling argument overcoming the "significantly different contexts and standards between Rule 604(d) and Rule 651(c) to support his contention." *Id.*

¶ 33     In accordance with *Smith*, we reject defendant's attempt to analogize the Rule 604(d) and Rule 651(c) certificates. The case law construing Rule 604(d)'s certificate requirement is not controlling here and did not require the duplicative filing of a Rule 651(c) certificate by Calabrese or that she otherwise demonstrate her compliance with Rule 651(c).

¶ 34     For all the foregoing reasons, we affirm the circuit court.

¶ 35     Affirmed.