NOTICE
Decision filed 03/06/23. The text of this decision may be changed or corrected prior to the filing of a Peti ion for Rehearing or the disposition of the same.

2023 IL App (5th) 220096-U

NO. 5-22-0096

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Champaign County. |
| | ) | |
| v. | ) | No. 20-CF-356 |
| | ) | |
| CARL D. HAYES, | ) | Honorable |
| | ) | Randall B. Rosenbaum, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE BARBERIS delivered the judgment of the court.
Justices Moore and Vaughan concurred in the judgment.

**ORDER**

¶ 1   *Held*:  Where the defendant knowingly and voluntarily pleaded guilty, and his counsel strictly complied with Rule 604(d), and where no argument to the contrary would have any merit, the defendant's court-appointed appellate attorney is granted leave to withdraw as counsel, and the judgment of conviction is affirmed.

¶ 2   Pursuant to a fully negotiated plea agreement with the State, the defendant, Carl D. Hayes, pleaded guilty to domestic battery, a felony, and was sentenced to imprisonment for six years. He subsequently filed a motion to withdraw his guilty plea, which the circuit court denied. Now, he appeals from the judgment of conviction. His appointed attorney on appeal, the Office of the State Appellate Defender (OSAD), has concluded that this appeal lacks arguable merit. On that basis, OSAD has filed with this court a motion to withdraw as counsel and a brief in support of the motion. See *Anders v. California*, 386 U.S. 738 (1967). This court granted the defendant an

1

opportunity to file a written response to OSAD's motion, or to file a brief, memorandum, etc., explaining why his appeal has merit, but he has not taken advantage of that opportunity. Having examined OSAD's *Anders* motion and brief, along with the entire record on appeal, this court agrees with OSAD that this appeal lacks merit. Accordingly, OSAD is granted leave to withdraw as counsel on appeal, and the judgment of conviction, entered by the circuit court of Champaign County, is affirmed.

¶ 3                                    BACKGROUND

¶ 4       In March 2020, the defendant was charged with two felonies, theft and domestic battery. The public defender was appointed to represent him.

¶ 5       On June 1, 2021, the defendant, his public defender, and an assistant state's attorney appeared before the circuit court. The public defender announced that the defendant would plead guilty to the charge of domestic battery (720 ILCS 5/12-3.2(a)(1) (West 2020)) in exchange for a sentence of imprisonment for six years, while certain other criminal charges against the defendant would be dismissed. The prosecutor concurred in the public defender's statement. The defendant signed a written waiver of his right to trial by jury.

¶ 6       At that point, the court began to admonish the defendant, starting with the nature of the domestic-battery charge and the possible penalties, including imprisonment for an extended term of one to six years. The defendant indicated his understanding of the charge and the possible penalties, and further indicated that he did not have any questions about either topic. The court then admonished the defendant that by pleading guilty, he would be waiving various rights, including his right to a trial, whether by a jury or by the court. At either type of trial, the State would have to prove him guilty beyond a reasonable doubt. At a trial, the defendant would have the right to confront the witnesses against him by listening to their testimony and by having his

attorney cross-examine them, the court continued. He would have the right to subpoena witnesses and to present witnesses and other evidence on his own behalf. He would have the right to testify, or the right not to testify, at trial, and if he chose not to testify, it could not be held against him. By pleading guilty, said the court, he would "give up" the right to trial and all those other rights. The defendant, in response to queries by the court, indicated that he did not suffer from any physical or mental disability; that, although he took prescribed medication, it did not affect his ability to understand what he was doing in court; and that he was not under the influence of alcohol or any illegal drugs. The defendant also indicated that he understood what a jury trial and a bench trial were; that he understood all of the rights the judge had explained; and that he understood that by pleading guilty, he would "give up" his right to trial and all those other rights. He also indicated that his plea of guilty was voluntary, or of his own free will, and that nobody had forced, threatened, or pressured him, in any way, to plead guilty.

¶ 7     The prosecutor stated that in exchange for the defendant's plea of guilty to count I, domestic battery, the State would move to dismiss count II, as well as the charges in Nos. 20-CF-149, 20-CF-150, 20-CF-355, 21-CF-395, and 21-CF-609, and that the defendant would be sentenced to imprisonment for six years. The public defender concurred. In answer to further queries from the court, the defendant indicated that the attorneys had accurately described the plea agreement as he understood it, and that nobody had made any additional promises that had not been stated in court.

¶ 8     The prosecutor presented a factual basis for the crime, stating that the defendant got into an argument with Debra Cameron, with whom he lived in Urbana, and struck her in the eye, causing the eye to swell, and that the defendant had a prior conviction for domestic battery in Champaign County case No. 18-CF-1443. The public defender stipulated that the State had

3

evidence substantially as indicated. The defendant pleaded guilty to domestic battery with a prior domestic-battery conviction. Finding that the plea was knowingly, understandingly, and voluntarily made, and that there was a factual basis for it, the court accepted the defendant's plea and entered judgment thereon.

¶ 9 The public defender waived the preparation of a presentence investigation report, and the prosecutor stated that a report had been prepared in case No. 18-CF-1443. In accord with the parties' agreement, the court sentenced the defendant to imprisonment for a term of six years and mandatory supervised release for four years. It dismissed count II, and the other criminal cases that were part of the parties' agreement. The court admonished the defendant as to his rights to appeal, which involved the need to file a motion to withdraw guilty plea within 30 days, and the defendant indicated his understanding. Finally, everyone agreed that the defendant would begin serving his sentence on June 30, 2021, by turning himself in at the Champaign County jail.

¶ 10 On June 29, 2021, the defendant filed a *pro se* motion to withdraw guilty plea. It was a one-page form motion, with the blanks filled in by hand. In one part of the motion, the defendant was invited to specify the reasons that the court should allow him to withdraw his guilty plea, and he wrote: "Because I am not guilty in this crime. I am other cases. That I am guilty for + [*sic*] want to ask my lawyer to make another plea for them crimes that I am guilty for."

¶ 11 On June 30, 2021, the defendant failed to turn himself in at the jail. A no-bond warrant was issued. Approximately six months later, he was picked up on the warrant.

¶ 12 In January 2022, the defendant filed, by his public defender, an amended motion to withdraw guilty plea. In the amended motion, the defendant claimed (1) that he was not guilty of the crime to which he had pleaded guilty, (2) that he "did not understand" his plea, (3) that the judge told him that he had 30 days to withdraw his plea, and he thought that all he had to do was

4

go to the circuit clerk and sign a paper to withdraw it, and (4) that he "did not voluntarily, intelligently or knowingly enter into his plea in this matter." The public defender filed a certificate of compliance with Illinois Supreme Court Rule 604(d) (eff. July 1, 2017). (The contents of the Rule 604(d) certificate will be discussed further *infra*.) The State filed a motion to strike the amended motion to withdraw.

¶ 13 On February 15, 2022, the court held a hearing on the amended motion to withdraw plea. The defendant's public defender represented him. The defendant was the sole witness. He testified that it was not his "plea" that he did not understand; the thing he did not understand was "the trial situations." When his public defender asked him what he meant by "trial situations," he answered: "You know, like, the—this was my first—this is my first time, you know, going through this, you know, like, trials and speedy trials and stuff like that. I didn't—I didn't quite understand that." Although the defendant had several convictions in his past, he explained, he never had taken any of those earlier cases to trial. His public defender repeated that she did not understand what he meant by "trial situations," and she again asked him what he meant. This time, the defendant replied as follows: "Well, I'm saying, like, take—like, when the judge was explaining to me about the trial motions and stuff like that, I didn't quite understand that, ma'am." He then clarified, "some I understood; some I didn't understand." He indicated that if he had understood the trial, he would have had a trial on the domestic-battery charge, instead of taking a plea on it. He "didn't quite understand" that he had a choice between a plea and a trial. "I didn't know that I could take a trial on this, this right here, ma'am." If he had known that he could have a trial, he would have pleaded guilty in his other cases, and not on the domestic battery, "because I was innocent of that crime." He did not want to plead guilty in this case, he insisted; "it was my mistake." When

5

counsel asked him why he thought, as he wrote in his motion, that he could withdraw his plea by simply going to the clerk's office and filling out a form, he replied, "I know little about the law."

¶ 14 The defendant then tried to explain why the court should allow him to withdraw his guilty plea. According to the defendant, he did not even know the woman who had accused him of battery. The defendant was renting a house on Romine Street in Urbana. He had a girlfriend, Tasha Terry, but she did not live with him. The defendant decided to sublet a room in his house to Demetrius, with whom he grew up in Chicago, and Demetrius's girlfriend, Debra Cameron. Demetrius and Debra moved in. One day, a Friday, Debra gave the defendant money to buy her groceries. He bought the groceries and brought them home. On Sunday, Debra showed up at the house, drunk. She called the defendant ugly names, spat on him, and attacked him. The defendant denied ever striking Debra. The defendant was sure that his girlfriend, Tasha, was "behind" the attempt to get him in trouble for the battery of Debra Cameron. Just a few days before Demetrius and Debra moved in to his house, the defendant and Tasha had "got[ten] into it," *i.e.*, had argued.

¶ 15 On cross-examination by the prosecutor, the defendant acknowledged that at the time of his plea to domestic battery, he was also facing two counts of theft over $500 and two counts of theft with a prior theft conviction, a Class 4 felony, and that some of the sentences in those cases would be mandatorily consecutive to the other sentences in those cases. He repeated that he was guilty of those other offenses.

¶ 16 At the close of the hearing, the circuit court, *inter alia*, referred repeatedly to the transcript of the guilty-plea hearing that was held in June 2021, with particular emphasis on the court's admonishments to the defendant and the defendant's answers to the court's queries. This transcript, the court found, belied the defendant's testimony at his motion-to-withdraw hearing. "It's a credibility issue," the court observed. Finding that the defendant's plea was knowing,

6

intelligent, and voluntary, the court denied the amended motion to withdraw guilty plea. "It appears that he really got the deal of a lifetime," the court observed, noting that the plea deal "resolved numerous cases." More on the circuit court's findings will be presented *infra*.

¶ 17    The defendant perfected this appeal. OSAD was appointed to represent him.

¶ 18                                ANALYSIS

¶ 19    This appeal is from a judgment of conviction that was entered after the defendant, pursuant to a fully negotiated agreement with the State, pleaded guilty to felony domestic battery and was sentenced to prison. As previously mentioned, his appointed attorney on appeal, OSAD, has filed an *Anders* motion to withdraw as counsel, along with a supporting brief, and the defendant has not filed a response. OSAD has presented three potential issues in its brief, *to wit*: (1) whether defense counsel strictly complied with Illinois Supreme Court Rule 604(d) (eff. July 1, 2017), (2) whether the defendant knowingly and voluntarily pleaded guilty, and (3) whether the defendant met his burden of showing doubt as to his guilt. This court will discuss the second and third of these potential issues, and then the first one. This court agrees with OSAD that the three potential issues are not meritorious.

¶ 20    A plea of guilty cannot be constitutionally valid unless the record affirmatively shows that it was intelligently and voluntarily made. *Boykin v. Alabama*, 395 U.S. 238, 242 (1969). To ensure compliance with the requirements of *Boykin*, our supreme court adopted Illinois Supreme Court Rule 402. *People v. Wills*, 61 Ill. 2d 105, 111 (1975). Under Rule 402, a court cannot accept a guilty plea "without first, by addressing the defendant personally in open court," informing him of, and determining that he understands, (1) the nature of the charge against him, (2) the minimum and maximum sentence he faces, including the penalty he faces due to prior convictions or consecutive sentences, (3) that the defendant has a right to persist in his plea of not guilty or to

7

plead guilty, and (4) that if he pleads guilty, there will not be a trial of any kind, so that by pleading guilty he waives the right to a jury trial and the right to be confronted with the witnesses against him. Ill. S. Ct. R. 402(a) (eff. July 1, 2012). Also, under Rule 402, the court cannot accept a guilty plea without first determining that it is voluntary. If the plea is the result of a plea agreement, the agreement shall be stated in open court. By questioning the defendant personally in open court, the court shall confirm the terms of the agreement and "shall determine whether any force or threats or any promises, apart from a plea agreement, were used to obtain the plea." Ill. S. Ct. R. 402(b) (eff. July 1, 2012). "Substantial compliance" with Rule 402 satisfies due process. *People v. Fuller*, 205 Ill. 2d 308, 323 (2002).

¶ 21 A defendant does not have an absolute right to withdraw a guilty plea; he bears the burden of demonstrating the necessity of withdrawing it. *People v. Ferral-Mujica*, 2017 IL App (2d) 160240, ¶ 22. Allowing a defendant to withdraw his guilty plea should be based on a need to correct a "manifest injustice" based on the particularities of the case. *People v. Pullen*, 192 Ill. 2d 36, 39 (2000). For example, a court should allow a defendant to withdraw his plea where it was entered based upon a misapprehension of the law or the facts, or where there is doubt of the defendant's guilt, or where he has a defense worthy of consideration. *People v. Davis*, 145 Ill. 2d 240, 244 (1991). The decision to grant or deny a motion to withdraw a guilty plea rests in the sound discretion of the circuit court, and this court will not reverse the circuit court's denial of the motion unless the circuit court clearly abused that discretion. *People v. Delvillar*, 235 Ill. 2d 507, 519 (2009). A ruling represents an abuse of discretion if it is arbitrary, fanciful, or unreasonable, or if no reasonable person would take the view of the circuit court. *People v. Hall*, 195 Ill. 2d 1, 20 (2000).

¶ 22　OSAD, in its *Anders* brief, discusses the potential issue of whether the defendant knowingly and voluntarily pleaded guilty. He certainly did, as this court's summary of the guilty-plea transcript, *supra*, makes clear. Before accepting the defendant's plea, the circuit court asked him about all of the matters included in Rule 402(a)—the charge that he faced, the potential sentences, his right to plead guilty or not guilty, and the consequences of a guilty plea, including the waiver of rights. The defendant indicated that he understood all those matters, so the plea was knowing. The court then questioned him about the matters included in Rule 402(b)— the contents of the plea agreement, force, threats, or promises apart from the plea agreement. The defendant indicated his understanding of the agreement and the absence of any force, threats, or extraneous promises, and therefore the plea was voluntary.

¶ 23　As for whether the defendant met his burden of showing doubt as to his guilt, he clearly did not meet that burden. During his testimony at the hearing on his motion to withdraw guilty plea, the defendant denied that he had struck Debra Cameron, and he stated that his ex-girlfriend, with whom he had recently argued, had arranged for Cameron to file the false charge against him. As OSAD has observed in its *Anders* brief, "This was the entirety of [the defendant's] testimony as to his innocence and he presented no other evidence at the hearing aside from this testimony." Meanwhile, the circuit court, at the end of that same hearing, found the defendant's testimony "vague," "conclusory," and incredible. The court noted that if the case had gone to trial, Cameron would have testified that the defendant hit her in the eye, and two housemates would have corroborated her testimony, and there would have been evidence that Cameron did, in fact, have a swollen eye.

¶ 24    The circuit court did not abuse its discretion in denying the defendant's motion to withdraw his guilty plea. This court cannot find that the ruling was arbitrary, fanciful, etc. The plea was knowing and voluntary, and there is no manifest injustice in allowing it to stand.

¶ 25    OSAD also has presented the potential issue of whether the defendant's public defender strictly complied with Illinois Supreme Court Rule 604(d). Where a defendant moves to withdraw his guilty plea, his defense attorney is required to file a certificate with the trial court, and this certificate must strictly comply with the requirements of Rule 604(d). *People v. Curtis*, 2021 IL App (4th) 190658, ¶¶ 29, 30. In her certificate of compliance with Rule 604(d), the defendant's public defender certified that (1) she had "consulted" with the defendant "in person, by mail, or by electronic means to ascertain [his] contentions of error in the entry of the plea of guilty and in the sentence," (2) she had "examined the trial court file and report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing," and (3) she had "made any amendments to the motion necessary for the adequate presentation of any defects in those proceedings." The wording of this certificate of compliance is essentially the same as the wording of Rule 604(d) itself. There is no reason to doubt that counsel strictly complied with the rule and fulfilled her obligations to the defendant. Nothing in the record even begins to undermine the certificate. *People v. Herrera*, 2012 IL App (2d) 110009, ¶ 13 (unless the record "undermines" the certificate, a court of review will consider only the certificate when determining whether an attorney complied with Rule 604(d)).

¶ 26                          CONCLUSION

¶ 27    The circuit court did not abuse its discretion when it denied the defendant's motion to withdraw his guilty plea. The plea was knowing and voluntary and did not result from any manifest injustice. Also, there is no reason to think that the defendant's public defender failed to comply

with Rule 604(d). Having carefully reviewed the entire record on appeal, this court agrees with OSAD that this appeal does not present any issue of arguable merit. Accordingly, OSAD's motion for leave to withdraw as counsel is granted, and the judgment of conviction, entered by the circuit court of Champaign County, is affirmed.

¶ 28     Motion granted; judgment affirmed.