NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2025 IL App (4th) 241000-U

NO. 4-24-1000

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
June 27, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | McDonough County |
| DEMOND E. WILSON JR., | ) | Nos. 23CF34 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Nigel D. Graham, |
| | ) | Judge Presiding. |

JUSTICE LANNERD delivered the judgment of the court.
Justices Grischow and Cavanagh concurred in the judgment.

**ORDER**

¶ 1    *Held*: Defense counsel's motion to reconsider defendant's sentence failed to comply with
the requirements of Illinois Supreme Court Rule 604(d) (eff. Apr. 15, 2024).

¶ 2    Defendant, Demond E. Wilson Jr., entered a partially negotiated guilty plea to one

count of second degree murder (720 ILCS 5/9-2(a)(2) (West 2022)) The trial court sentenced him

to 12 years' imprisonment. Defense counsel filed a motion to reconsider the sentence and a

certificate of compliance pursuant to Illinois Supreme Court Rule 604(d) (eff. Apr. 15, 2024). On

appeal, defendant argues, *inter alia*, the motion to reconsider the sentence failed to comply with

the requirements of Rule 604(d). We vacate the denial of defendant's motion to reconsider the

sentence and remand for further proceedings, which may include the filing of a new motion to

reconsider, in compliance with Rule 604(d).

¶ 3                                          I. BACKGROUND

¶ 4         In May 2023, the State filed an amended information charging defendant with three counts of first degree murder (720 ILCS 5/9-1(a)(1), (a)(2), (a)(3) (West 2022)), three counts of aggravated battery with a firearm (*id.* § 12-3.05(e)(1)), and one count of aggravated discharge of a firearm (*id.* § 24-1.2(a)(2)). The charges stemmed from a March 25, 2023, shooting at a house party, which resulted in the death of Jerman Beathea.

¶ 5         On October 18, 2023, defendant entered a partially negotiated plea agreement. Pursuant to the agreement, defendant pleaded guilty to a single count of second degree murder (*id.* § 9-2(a)(2)). (We note while the second amended information stated the charge was second degree murder, the text of the information described and cited the provision for first degree murder (*id.* § 9-l(a)(2)).) In exchange for his guilty plea, the State dismissed the other charges against him.

¶ 6         In support of defendant's guilty plea, the State proffered the following factual basis. On March 25, 2023, defendant was present at a "house party" with approximately 150 to 200 other people. Officers responded to the residence after receiving "a report of shots fired." When officers arrived, they found "multiple people with gunshot wounds," including Beathea, who "was [later] pronounced dead at the scene." Testing performed on Beathea revealed gunshot residue on his right hand. During their search of the residence, officers also found a 9-millimeter handgun registered to defendant, a .40-caliber magazine containing Beathea's DNA, 9-millimeter "casings and projectiles," and .40-caliber "casings and projectiles." Defendant was treated for multiple gunshot wounds at a Peoria hospital. Testing performed at the hospital established defendant's blood alcohol content was 0.157 at 5:14 a.m. on March 25, 2023. While hospitalized, defendant told a detective "he saw a man with a gun and *** he had tried to run away but discovered that he had been shot." Defendant did not remember firing his gun. Witness statements suggested, not

long before the shootings, defendant was "involved in a verbal altercation with unknown persons." The State then represented that defendant would have offered evidence tending to show, "based on his lack of familiarity with persons present at the party as well as the verbal altercation that occurred within minutes of the shooting, the Defendant believed that there was a threat to his personal safety which would necessitate deadly force." However, according to the proffer, "due to the Defendant's level of intoxication, the lack of adequate lighting, and the excessive number of people present within that room, that belief was unreasonable."

¶ 7 At the sentencing hearing, defendant presented multiple witnesses in mitigation, who testified to his pleasant character, dedication to religious and charitable activities, and reliability as a worker. Defendant also testified regarding the severity of his injuries. In his statement of allocution, defendant affirmed his belief Beathea shot him first.

¶ 8 Prior to announcing the sentence, the trial court addressed the applicable statutory factors in aggravation and mitigation. When discussing mitigating factor three, whether "Defendant acted under a strong provocation," the court stated, "At this point, I technically don't know who drew their weapon first. *** Based on what I've heard so far, I don't believe I've heard enough to make a finding that there's a strong provocation at the time." See 730 ILCS 5/5-5-3.1(a)(3) (West 2022). The court made similar statements when discussing factors four, five, and eight. *Id.* § 5-5-3.1(a)(4), (a)(5), (a)(8). After detailing its consideration of the statutory factors it deemed relevant, the court sentenced defendant to 12 years in the Illinois Department of Corrections.

¶ 9 On February 20, 2024, defense counsel filed a motion to reconsider the sentence. The motion recited the procedural history of the case and then stated:

"5. In Illinois, a defendant has the right to appeal a sentence if the judge

improperly relied on aggravating factors during sentencing. The appellate court reviews this as a question of law, subject to *de novo* review. [Citation]

6. A court may review as plain error a trial court's reliance on an improper factor in aggravation in sentencing because it affects a defendant's fundamental right to liberty. [Citation.]

7. A sentencing court is prohibited from considering in aggravation a fact that is implicit or inherent in the criminal offense for which the defendant is convicted. This prohibition is known as the rule against double enhancements. [Citation.]

8. The judge's reliance on facts not proven at trial to apply aggravating factors at sentencing could constitute an abuse of discretion. [Citation.]

9. This is particularly true if the facts relied upon are implicit in the offense for which the defendant was convicted, as this would constitute an impermissible double enhancement. [Citation.]

10. The reviewing court will consider the record as a whole to determine whether the trial court improperly imposed a sentence. [Citation.]

11. If the reviewing court can determine from the record that the weight placed on the improperly considered aggravated factor was so insignificant that it did not lead to a greater sentence, then remandment for resentencing is not required. [Citation.]

12. Defendant intends to Amend or Supplement this Motion, if necessary." The motion concluded with a request to reconsider defendant's sentence.

¶ 10 On May 8, 2024, defense counsel filed a certificate of compliance pursuant to Rule

604(d). The certificate stated, *inter alia*, counsel had "made any amendments to the motion necessary for the adequate presentation of any defects in [the relevant] proceedings." See *id.*

¶ 11    At the hearing on defendant's motion to reconsider his sentence, defense counsel advised the trial court he "[didn't] have anything in addition to what's been filed within the motion to reconsider" and "would just stand on what's alleged within the paragraphs." In response, the State addressed some of the issues implied by the motion. Defense counsel offered no rebuttal. The court denied the motion to reconsider. Defendant timely filed a notice of appeal.

¶ 12    This appeal followed.

¶ 13                              II. ANALYSIS

¶ 14    On appeal, defendant raises two arguments: (1) the trial court improperly considered factors inherent in the offense at sentencing and (2) defense counsel's motion to reconsider his sentence failed to comply with the requirements of Rule 604(d). We find defendant's argument regarding counsel's compliance with Rule 604(d) dispositive. Consequently, we need not address his other argument.

¶ 15    Rule 604(d) provides:

> "No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to reconsider the sentence, if only the sentence is being challenged, or, if the plea is being challenged, a motion to withdraw the plea of guilty and vacate the judgment.
>
>                              * * *
>
> The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by phone, mail, electronic

- 5 -

means or in person to ascertain defendant's contentions of error in the sentence and the entry of the plea of guilty, has examined the trial court file and both the report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." Ill. S. Ct. R. 604(d) (eff. Apr. 15, 2024).

The rule also requires the motion to be in writing and "state the grounds therefor." *Id.*

¶ 16     Our supreme court has held "counsel must strictly comply with each of the provisions of Rule 604(d) and that the failure to do so requires a remand to the circuit court for the filing of a new motion to withdraw guilty plea or to reconsider sentence and a new hearing on the motion." (Internal quotation marks omitted.) *People v. Gorss*, 2022 IL 126464, ¶ 19. A facially valid Rule 604(d) certificate is not conclusive as to defense counsel's compliance with the rule. *People v. Curtis*, 2021 IL App (4th) 190658, ¶ 36. The representations in such a certificate may be refuted by the record. *Id.* "Whether counsel complied with Rule 604(d) is a legal question that we review *de novo*." *Gorss*, 2022 IL 126464, ¶ 10.

¶ 17     Here, the motion to reconsider the sentence is noncompliant with one of the basic requirements of Rule 604(d): "[t]he motion *** shall state the grounds therefor." Ill. S. Ct. R. 604(d) (eff. Apr. 15, 2024). Although the propositions of law set forth in defense counsel's motion hint at the issues counsel intended to raise in the motion, these hints are not a sufficient statement of the issues. For instance, one of the propositions in the motion states, "A court may review as plain error a trial court's reliance on an improper factor in aggravation in sentencing because it affects a defendant's fundamental right to liberty." However, counsel failed to identify which factors in aggravation the trial court improperly relied upon. Consequently, because counsel's

motion fails to comply with the requirements of Rule 604(d), we find the record refutes his certification in his Rule 604(d) certificate that he "made any amendments to the motion necessary for the adequate presentation of any defects in [the relevant] proceedings." See Ill. S. Ct. Rs. Art. VI Forms Appendix R. 604(d).

¶ 18       Moreover, when counsel arguably had the opportunity to orally remedy the motion's deficiencies, he declined to do so. At the hearing on defendant's motion to reconsider his sentence, counsel declined to provide evidence or oral argument in support of the motion to reconsider. Furthermore, when the State sought to refute some of the possible issues implied in the written motion, defense counsel did not respond to the State's argument. Thus, we cannot conclude counsel even met the lower threshold of *substantial* compliance, let alone *strict* compliance, with Rule 604(d)'s requirement the motion "state the grounds therefor" (Ill. S. Ct. R. 604(d) (eff. Apr. 15, 2024)). Counsel provided no grounds whatsoever to support his conclusory legal statements in the motion to reconsider.

¶ 19       The State contends, despite the deficiencies in the motion to reconsider, defense counsel strictly complied with Rule 604(d). Specifically, the State argues:

> "Here, at the crux of defendant's argument concerning the validity of defense counsel's Rule 604(d) certificate is defendant's argument that the trial court erred during sentencing. While not explicitly stated that way, defendant raises concerns with defense counsel citing to black letter law and lacking arguments within the motion to reconsider sentence as a way to challenge the validity of defense counsel's Rule 604(d) sentence [*sic*]. [Citation.] However, if the trial court did not err during sentencing, it would follow that no arguments were available to raise in the motion to reconsider sentence. Still, defense counsel filed a motion to

- 7 -

reconsider sentence on defendant's behalf in order for the trial court to take a second look at defendant's sentence.

It follows that the record, taken as a whole, supports the finding that defense counsel strictly complied with Illinois Supreme Court Rule 604(d)."

We find the State's argument unpersuasive. The State essentially claims "the trial court did not err during sentencing," defense counsel recognized the lack of error, and despite this recognition, counsel filed a motion to reconsider the sentence simply so the court could have a hearing and "take a second look at defendant's sentence." There is no support in the record for this claim. Moreover, as this court has previously indicated, "a hearing on a postsentencing motion 'must be more than a charade performed only to allow an appeal to proceed.' " *People v. Fox*, 2025 IL App (4th) 240687-U, ¶ 19 (quoting *People v. Bridges*, 2017 IL App (2d) 150718, ¶ 10); see *People v. Little*, 337 Ill. App. 3d 619, 622 (2003) ("The mere act of filing a motion to reconsider sentence, a condition precedent to filing an appeal [citation], without including any grounds in support of the motion, cannot be considered strict compliance with Rule 604(d) because [the] defendant is left with no appealable issues."). Therefore, we disagree with the State's assertion that defense counsel strictly complied with Rule 604(d) where counsel failed to include any grounds in support of the motion to reconsider the sentence.

¶ 20                                    III. CONCLUSION

¶ 21         For the reasons stated, we vacate the denial of defendant's motion for reconsideration of his sentence and remand the matter for further proceedings in compliance with Rule 604(d).

¶ 22         Vacated; cause remanded.