2026 IL App (2d) 250110-U
No. 2-25-0110
Order filed April 6, 2026

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee,

v.

SULLIVAN LEGGETT, Defendant-Appellant.

Appeal from the Circuit Court of Kane County.
Honorable Donald M. Tegeler, Jr., Judge, Presiding.
No. 23-CF-299

JUSTICE HUTCHINSON delivered the judgment of the court, with opinion.
Justices Jorgensen and Schostok concurred in the judgment and opinion.

**ORDER**

¶ 1    *Held*:   The trial court did not consider an improper sentencing factor; the record does not rebut counsel's certificate of compliance with Rule 604(d); by pleading guilty defendant waived his one-act, one-crime claim.

¶ 2    Defendant, Sullivan Leggett, entered open pleas of guilty to identity theft (720 ILCS 5/16-30(a)(1) (West 2016)) and forgery (*id*. § 17-3(a)(1)). After a hearing, he was sentenced to concurrent prison terms of five years and four years, respectively. On appeal, he argues that (1) the trial court committed plain error by considering an improper sentencing factor; (2) his trial counsel did not comply with Illinois Supreme Court Rule 604(d) (eff. July 1, 2006); and (3) his conviction of forgery must be vacated under the one-act, one-crime rule. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4      On February 10, 2023, a grand jury indicted defendant on two counts. Count I alleged that, starting on December 14, 2016, and continuing through January 24, 2017, defendant committed identity theft, a Class 2 felony (see 720 ILCS 5/16-30(e)(1)(iii) (West 2018)) in that, on two or more occasions, he knowingly used the personal identification information of John Lyons, L.C. Williams, and Thomas O'Connor "to fraudulently obtain property from various retail establishments" and that his acts "were in furtherance of a single intention and design pursuant to 725 ILCS 5/111-4(c) [West 2016])."

¶ 5      Count II alleged that, starting on December 14, 2016, and continuing through January 24, 2017, defendant committed forgery, a Class 3 felony (see 720 ILCS 5/17-3(d)(1) West 2018)) in that, with the intent to defraud, he knowingly delivered documents that were apparently capable of defrauding another. These documents were (1) two checks drawn on the bank account of Thomas O'Connor, payable to Farm & Fleet; (2) a check drawn on the account of John Lyons; and (3) a check drawn on the account of L.C. Williams, all of these acts being "in furtherance of a single intention and design ***."

¶ 6      On April 24, 2024, defendant entered open pleas of guilty to both counts. The State presented the same factual basis for both offenses, listing the specific transactions on which both charges rested. The trial court duly admonished defendant and accepted the guilty pleas.

¶ 7      On September 25, 2024, the trial court held a sentencing hearing. The presentencing investigation report (PSI) disclosed that defendant had an extensive criminal history, including (1) a 1991conviction of burglary, with a sentence of four years in prison; (2) a 1996 conviction of unlawful possession of a motor vehicle, with a six-year prison sentence; (3) a 2008 Indiana conviction of check fraud, with a sentence of two years' probation and two years in prison; (4) a

- 2 -

2009 conviction of obstruction of justice, with a sentence of two years' conditional discharge and 180 days' jail; and (5) a 2009 conviction of aggravated discharge of a firearm, with a sentence of seven years' imprisonment.

¶ 8　The trial court accepted documents regarding defendant's completed probation terms as well as a report from a clinical therapist who had been treating defendant since January 2021. Defendant's fiancée and long-time partner testified to his good relationship with his family.

¶ 9　After hearing arguments, the trial court stated in part:

"No. 1, the defendant's conduct caused or threatened serious harm. *** Identity theft can cause serious harm. There is no question about it. I've never been a victim of it. I have heard what victims go through trying to get their identity back, and the mental anguish must be, you know, almost impossible to live with at times. So I do think that No. 1 applies slightly in this case."

¶ 10　The court then found that a substantial sentence was needed to deter others from committing the same crime, one that by its nature requires planning with guilty intent. Also, defendant had a lengthy criminal history that started more than 30 years ago, and his offenses became more serious with the passage of time. The court sentenced defendant to concurrent prison terms of five years for identity theft and four years for forgery.

¶ 11　Defendant moved to reconsider the sentences. After two introductory paragraphs, his motion contended substantively:

"3. In light of the evidence presented in aggravation and mitigation[,] the sentence [*sic*] imposed in this case was excessive in violation of both the U.S. and Illinois Constitutions. The Court had the discretion not to impose prison on either count and instead impose a period of probation.

4. In imposing it's [*sic*] sentence, the Court relied heavily on Defendant's criminal history, all of which was a decade or more old, without due consideration to [*sic*] the evidence in mitigation. Defendant's family situation, medical and mental health needs and treatment, [*and*] successful completion of probation.

5. The court failed to properly consider the [statutory] factors in mitigation in imposing a prison sentence on [*sic*] this matter."

¶ 12    The motion did not allege either that the trial court considered any improper factors at sentencing or that defendant's convictions violated the one-act, one-crime rule. The court denied the motion. On appeal, we summarily remanded the cause for the filing of a proper Rule 604(d) certificate, the opportunity to file a new postjudgment motion if counsel considered it necessary, and a new motion hearing. *People v. Leggett*, No. 2-24-0610 (minute order) (Jan. 7, 2025).

¶ 13    On remand, defendant's counsel filed a proper Rule 604(d) certificate but stood on the original postjudgment motion. After a brief hearing, the trial court denied the motion, and defendant timely appealed.

¶ 14                                    II. ANALYSIS

¶ 15     On appeal, defendant argues first that the trial court erred by considering in aggravation "what victims [of identity theft] go through trying to get their identity back, and the mental anguish must be, you know, almost impossible to live with at times." Defendant contends that the court improperly went beyond the evidence and penalized defendant for causing unproven harm to his victims. The State responds that (1) under *People v. Ratliff*. 2024 IL 129356, defendant waived this claim of error by failing to raise it in his postjudgment motion and may not now raise it as plain error; (2) even absent waiver, the claim is not cognizable as plain error; and (3) the claim lacks

- 4 -

merit anyway. In reply, defendant argues that the claim is meritorious and, alternatively, his counsel was ineffective for failing to raise it. We agree with the State.

¶ 16 We begin with waiver. In *Ratliff*, the defendant argued for the first time on appeal that the trial court failed to admonish him properly of his right to counsel before accepting his *pro se* open guilty plea. *Ratliff*, 2024 IL 129356, ¶ 20. The supreme court held that the defendant could not raise the issue on appeal, even as plain error. This was because he had not merely forfeited the claim; he had waived it, first by voluntarily pleading guilty and second by failing to raise it in his postjudgment motion. *Id*. The court explained:

> "Any issue not raised in a postplea motion is 'waived' on appeal. Though forfeiture may be a limitation on the parties, and not this court, we have never stated that the same is true of waiver, and with good reason. Forfeiture may be inadvertent—a failure to make a timely assertion of a right. [Citation.] Waiver, by contrast, is never inadvertent because it is an intentional relinquishment of a right." *Id*. ¶ 26.

The court emphasized that, because the defendant failed to raise his claim in a postjudgment motion, "the trial court did not have the opportunity to address and correct any errors. Thus, the defendant's omission of that issue in his postplea motions waived consideration of it on review." *Id.* ¶ 28.

¶ 17 Here, defendant did file a postjudgment motion that raised a general claim that the trial court abused its discretion in weighing the factors in aggravation and mitigation. He did not contend that the court erred as a matter of law in considering an improper factor. See *People v. Dameron*, 196 Ill. 2d 156, 171 (2001); *People v. Mauricio*, 2014 IL App (2d) 121340, ¶ 15. Therefore, defendant has waived his first claim of error and may not raise it here.

¶ 18    We turn to defendant's alternative argument that counsel was ineffective. To prevail on a claim of ineffective assistance of counsel, a defendant must show that (1) counsel's performance was objectively unreasonable and (2) it is reasonably probable that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984); *People v. Brown*, 2024 IL 129585, ¶ 28.

¶ 19    We conclude that defendant fails the second prong of the *Strickland* test, because it is not reasonably probable that any impropriety affected the trial court's sentencing decision. First, there was no proven impropriety. The challenged comments spoke of the effects of identity theft on victims in general and did not imply that the victims here suffered these effects to a particular degree. Moreover, as the court recognized, the statutory aggravating factor that it cited did not require that defendant's conduct actually *cause* serious harm; it was sufficient that it *threatened* such harm. See 730 ILCS 5/5-3.2(a)(1) (West 2018). Although there was no evidence of the actual harm defendant's offenses caused any victim, it was reasonable to find that attempting to raid their bank accounts of substantial sums threatened serious harm. Thus, the comments were "plausible, virtually falling within a kind of common knowledge." *State v. Smith*, 621 A.2d 493, 531 (1993).

¶ 20    Second, the court's ruminations did not play a significant role in its sentencing decision. The court explained that defendant's numerous fraudulent acts involved not merely premeditation but planning; that defendant's decades-long criminal record involved numerous felonies and that his offenses had grown more serious over time; and that a substantial sentence was needed to deter others from similar offenses. Moreover, the court stated that the serious-harm factor "applie[d] slightly in this case." It then imposed sentences that were at or near the middle of the offenses' respective sentencing ranges. See 730 ILCS 5/5-4.5-35(a)(West 2018) (sentence for a Class 3 felony is not less than three years nor more than seven years); *id*. § 5-4.5-40(a) (sentence for a

Class 3 felony is not less than two years nor more than five years). Given all the foregoing, defendant's claim of ineffective assistance of counsel fails.

¶ 21    We turn to defendant's second issue on appeal. He argues that, although trial counsel on remand filed a facially valid certificate of compliance with Rule 604(d), the record rebuts the presumption that he fulfilled his obligations. Defendant requests a second remand.

¶ 22    In pertinent part, Rule 604(d) sets out three obligations of counsel:

> "The defendant's attorney shall file with the trial court a certificate stating that the attorney [1] has consulted with the defendant either by phone, mail, electronic means or in person to ascertain [the] defendant's contentions of error in the sentence and the entry of the plea of guilty, [2] has examined the trial court file and both the report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing, and [3] has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." Ill. S. Ct. R. 604(d) (eff. April 15, 2024).

¶ 23    Rule 604(d) requires strict compliance. *People v. Janes*, 158 Ill. 2d 7, 33, 35 (1994). Whether trial counsel strictly complied with the rule is a question of law that we decide *de novo*. *People v. Brown*, 2024 IL 129585, ¶ 48. Although the filing of a facially valid Rule 604(d) certificate raises a presumption of compliance, this presumption can be refuted by the record. *People v. Winston*, 2020 IL App (2d) 180289, ¶ 14. If so, a remand will be necessary. *Id*.

¶ 24    Although defendant does not directly specify which of the three obligations trial counsel allegedly failed to fulfill, his argument focuses on the third: making any amendments needed for adequate presentation of any defects in the proceedings that led to the final judgment. Defendant stresses that the motion that trial counsel originally filed, which he also adopted on remand, was

so perfunctory and nonspecific in its allegations of error that it was inadequate to raise or preserve any issues for appeal.

¶ 25     Despite the conclusory character of the postjudgment motion, we do not believe that defendant has shown that trial counsel failed to meet his obligations under Rule 604(d). The authorities on which defendant relies are distinguishable.

¶ 26     In *Winston*, on a second remand, the defendant's counsel moved to withdraw the defendant's guilty plea, on the newly-argued ground that the evidence was insufficient to prove her guilt beyond a reasonable doubt. Yet counsel failed to file an amended motion that attached affidavits from the witnesses who allegedly would have supported the claim, which required such evidence in order to succeed. *Id.* ¶ 15. Thus, the record clearly refuted counsel's statement in his Rule 604(d) certificate that he had made any amendments to the motion necessary for the adequate presentation of any defects in the prior proceedings.

¶ 27     In *People v. Wilson*, 2025 IL App (4th) 241000-U, counsel filed a postjudgment motion that recited general legal principles but made *no* contentions of error. *Id.* ¶ 9. The appellate court held that merely "hint[ing] at the issues counsel intended to raise in the motion" did not comply with Rule 604(d)'s requirement to state the grounds for the relief sought. *Id.* ¶ 17.

¶ 28     In *People v. Love*, 385 Ill. App. 3d 736 (2008), the defendant's counsel filed a facially valid Rule 604(d) certificate along with a motion to withdraw the defendant's guilty plea. However, the next day, she made an admission casting serious doubt on whether she had fulfilled her obligation to examine the report of the guilty-plea proceedings before filing the motion. *Id.* at 737-38.

¶ 29     This case does not involve a clear failure to amend the postjudgment motion to support the issues actually raised, the complete failure to raise any claim at all, or a statement by counsel that was practically an admission counsel failed to examine the pertinent transcript(s). Therefore, we

cannot say that the record invalidates either the representations that trial counsel made in his Rule 604(d) certificate or the presumption that attaches to it. That is not to say that the motion was of excellent quality; rather, we merely find that its deficiencies do not show that counsel violated his specific obligations under Rule 604(d).

¶ 30 We turn to defendant's final issue on appeal. Defendant argues that his two convictions are based on the exact same acts, in violation of the one-act, one-crime rule. Accordingly, he requests that we vacate his conviction and sentence for forgery. The State responds that, under *Ratliff*, defendant's claim is waived because he did not raise it in his postjudgment motion. We agree with the State.

¶ 31 Again, in his postjudgment motion, defendant raised only a claim that the trial court abused its discretion in sentencing, which, unlike his first issue on appeal, is not related to the validity, as a matter of law (see *People v. Kotero*, 2012 IL App (1st) 100951, ¶ 19), of whether forgery is a lesser-included offense of identity theft. Neither discretion nor sentencing factors are pertinent to this issue. Under *Ratliff*, giving the trial court notice of a claim of error is crucial to preserving the claim on review. See *Ratliff*, 2024 IL 129356, ¶ 28. Defendant failed this obligation. It is simply not realistic to say that filing a postjudgment motion based on an abuse of discretion with respect to sentencing factors put the trial court on notice that defendant would argue his convictions were based on precisely the same physical acts.

¶ 32 Our supreme court has held that an alleged one-act, one-crime violation is reviewable as second-prong plain error, but *only* in the context where the defendant was found guilty and sentenced following a trial, and *never* in the case of a guilty plea. See, *e.g.*, *People v. Artis*, 232 Ill. 2d 156, 167 (2009); *People v. Harvey*, 211 Ill. 2d 368, 387 (2004). As has been said many times, a voluntary guilty plea waives all non-jurisdictional errors, including constitutional claims (*Ratliff*,

2024 IL 129356, ¶ 21), and a one-act, one-crime violation does not implicate the trial court's jurisdiction. Unlike forfeiture, which can be set aside, we cannot simply overlook defendant's waiver of this claim. *Ratliff*, 2014 IL 129356, ¶ 26 ("[t]hough forfeiture may be a limitation on the parties, and not this court, we have never stated that the same is true of waiver"). Accordingly, we agree with the State that defendant's guilty plea waived his one-act, one-crime claim.

¶ 33                                   III. CONCLUSION

¶ 34    For the reasons stated, we affirm the judgment of the circuit court of Kane County.

¶ 35    Affirmed.